David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5515
F: 866-401-1457
david@pricelawgroup.com
Attorneys for Plaintiff
Marshall Gross

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Marshall Gross,<br><br>Plaintiff,<br><br>v.<br><br>Citibank, N.A.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and TransUnion, LLC<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**1. FCRA, 15 USC § 1681 *et seq.*** |

Plaintiff Marshall Merrill Gross ("Plaintiff"), through his attorneys, alleges the following against Citbank, N.A. ("Citi"); Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Transunion, LLC ("Transunion"), respectively and collectively referred to as the ("Defendants"):

**INTRODUCTION**

This is a single-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, against Defendants and their agents for their unlawful reporting of inaccurate information on Plaintiff's credit report.

**JURISDICTION AND VENUE**

1. Jurisdiction of the court arises under 28 U.S.C. § 1331.

2. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part

of the events or omissions giving rise to the claim occurred in this District.

3. Defendants transact business in the State of Arizona; therefore, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in Mesa, AZ. Plaintiff served in military and was deployed several tours.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

6. Defendant Citi is a ("furnisher") under 15 U.S.C. § 1681a(r)(5) with its principal place of business located at 701 East 60th Street North, Sioux Falls, SD 57104.

7. Defendant Equifax is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

8. Defendant Experian is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

9. Defendant Transunion is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On or about January 29, 2007, Plaintiff bought a property located at 28175 N. Desert Native St., Queen Creek, AZ 85143. The property is a single-family home that occupies 2,699 sq. ft. and was built in 2006.

12. Plaintiff took out a mortgage to purchase the property.

13. In 2008, the financial crisis hit, and Plaintiff began experiencing financial difficulties.

14. Upon information and belief, Citi acquired Plaintiff's mortgage from the original lender.

15. On or before June 13, 2013, Citi foreclosed Plaintiff's property.

16. Upon information and belief, on or about June 13, 2013, Citi sold Plaintiff's property under a trustee's power of sale.

17. Because Citi sold Plaintiff's property under a trustee sale, Citi was and is barred from collecting on the deficiency in any way.

18. On or around September 24, 2014, despite having exercised its rights to foreclose through a non-judicial action, Citi opened a new tradeline to report to credit reporting agencies the difference between the amount obtained by sale and the amount of the indebtedness, interests, costs and expenses.

19. In or around October of 2017, Plaintiff sought credit to buy a home.

20. Plaintiff was told by the loan officer that he did not qualify for the credit and that his application would be denied, or would be approved subject to very onerous terms, because Plaintiff's credit report included the mortgage tradeline reported by Citi on the deficiency.

21. On or about May 3, 2018, Plaintiff sent letters to all three Equifax, Experian, and Transunion. Plaintiff disputed their reports because they were reporting a deficiency as a second mortgage.

22. Defendants Equifax, Experian, and Transunion received Plaintiff's disputes between May 6 and 8, 2018.

23. Upon information and belief, Equifax, Experian, and Transunion forwarded Plaintiff's dispute to Citi, as required under 15 U.S.C. § 1681i(a)(2).

24. On or about May 15 and 30, 2018, Equifax sent Plaintiff two letters. Equifax informed Plaintiff that following a reinvestigation, Equifax would continue to report the Citi tradeline as a charge off.

25. On or about May 17 and 25, 2018, Experian sent Plaintiff two letters. Experian informed Plaintiff that following a reinvestigation, Experian would continue to

report the Citi tradeline as a charge off for $38,010.

26. On or about May 23, 2018, Transunion sent Plaintiff a letter. Transunion informed Plaintiff that following a reinvestigation, Transunion would continue to report the Citi tradeline as a charge off for $38,010.

27. Equifax, Experian, and Transunion's reporting of the above information is patently inaccurate because Citi was by law barred from collecting the deficiency from Plaintiff.

28. Equifax, Experian and Transunion have been sued in Arizona for reporting Purchase money loans with outstanding balances after a non-judicial foreclosure.

29. Citi, Equifax, Experian, and Transunion knew or had reason to know that the reporting was inaccurate.

30. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain. Defendant's conduct further exacerbated Plaintiff's emotional distress after Plaintiff's ex-wife fraudulently opened several credit cards and credit accounts, while Plaintiff was deployed in Guantanamo Bay, a situation he only discovered after he came back home.

31. The inaccurate reporting by Defendants has caused Plaintiff's credit file to be severely damaged.

32. Plaintiff has suffered damages because Plaintiff cannot obtain credit which he needs.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. The FCRA requires a credit reporting agency, either after receiving notice that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information.

35. Defendants Equifax, Experian, and Transunion failed to employ and follow

reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

36. Defendants Equifax, Experian, and Transunion failed to conduct a reasonable investigation under 15 U.S.C. § 1681i.

37. Defendants Equifax, Experian, and Transunion violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's file;

c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff; and

e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the other credit reporting agencies.

38. The FCRA requires a furnisher such as Citi, either after receiving notice directly from the consumer or from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information. The investigation involves (a) reviewing all relevant information, (b) reporting the results of the investigation to the credit reporting agency, and (c) if the investigation reveals that the information is incomplete or inaccurate, reporting those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

39. Defendant Citi failed to conduct a reasonable investigation following receipt

of no less than **three** indirect disputes under 15 U.S.C. § 1681s(2)(b).

40. Defendant Citi has willfully provided inaccurate information to Defendants Equifax, Experian, and Transunion, despite Arizona's anti-deficiency statute.

41. Defendants reporting of the deficiency is patently inaccurate under Arizona's anti-deficiency statute.

42. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

43. As a result of the above-described violations Plaintiff has sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

44. Defendants' violation of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marshall Gross respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants Citi, Equifax, Experian, and Transunion violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a);

C. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law; and

G. Any other relief that this Court deems appropriate.

Respectfully submitted this 3rd day of July 2018.

PRICE LAW GROUP, APC

By:*/s/ David A. Chami*
David A. Chami
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5515
F: 866-401-1457
david@pricelawgroup.com
Attorneys for Plaintiff
Marshall Gross