1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Marshall Gross,                              No. CV-18-02103-PHX-ROS

10              Plaintiff,                         **ORDER**

11   v.

12   CitiBank NA, et al.,

13              Defendants.

14

15         On July 3, 2018, Plaintiff Marshall Gross ("Plaintiff") filed a complaint alleging

16   that, after Defendant CitiBank foreclosed on his home and sold it for a deficit at a trustee

17   sale, Plaintiff's credit report through Defendants Equifax and Experian misrepresented

18   the deficiency as a "charge off" which has "severely damaged" Plaintiff's credit.[1]  (Docs.

19   1; 17).  Plaintiff now moves to amend his complaint.  (Doc. 25).  Defendant CitiBank

20   does not oppose, (Doc. 25), and Defendants Equiifax and Experian have not responded.

21   The matter is now ripe for decision.

22         When a party seeks to amend its pleading within the date specified in the

23   scheduling order, the party must demonstrate amendment is proper under Rule 15.  *See*

24   *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Rule 15

25   states that a party may amend its pleading with the court's leave, and courts "should

26   freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Courts may,

27   however, deny leave to amend for: (1) "undue delay, bad faith or dilatory motive on part

28   ─────────────────
     [1] Plaintiff and Defendant TransUnion agreed to settle Plaintiff's claims.  (Docs. 19; 23).

of the movant," (2) "repeated failure to cure deficiencies by amendments previously allowed," (3) "undue prejudice to the opposing party," or (4) "futility." *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010)).

Here, Plaintiff moved to amend his complaint before the Court established a scheduling order. Further, Plaintiff's amendments do not add parties, shift the theory of liability, or otherwise make wholesale changes to the allegations of the pending lawsuit. Instead, the amendments merely "add factual allegations to clarify how Defendants' reporting is inaccurate." Nothing suggests Plaintiff's amendments will cause undue delay or prejudice the opposing party, or that Plaintiff was less than diligent in seeking leave to amend. Thus, Plaintiff's motion will be granted.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Leave to Amend, (Doc. 25), is **GRANTED**.

Dated this 24th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge