David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: 818-600-5515
F: 866-401-1457
david@pricelawgroup.com
*Attorneys for Plaintiff*
*Marshall Gross*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Marshall Gross,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Citibank, N.A., *et al.*,<br><br>　　　　　Defendants. | **No.: CV-18-02103-PHX-ROS**<br><br>**THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1.  **FCRA, 15 USC § 1681** *et seq.* |

Plaintiff Marshall Merrill Gross ("Plaintiff"), through his attorneys, alleges the following against Citibank, N.A. ("Citi"); Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Transunion, LLC ("Transunion"); and Citimortgage, Inc. ("Citimortgage"), respectively and collectively referred to as the ("Defendants"):

## INTRODUCTION

This is a single-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, against Defendants and their agents for their unlawful reporting of inaccurate information on Plaintiff's credit report.

## JURISDICTION AND VENUE

1.  Jurisdiction of the court arises under 28 U.S.C. § 1331.

2. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

3. Defendants transact business in the State of Arizona; therefore, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in Mesa, AZ. Plaintiff served in military and was deployed several tours.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

6. Defendant Citi is a ("furnisher") under 15 U.S.C. § 1681a(r)(5) with its principal place of business located at 701 East 60th Street North, Sioux Falls, SD 57104.

7. Defendant Citimortgage is a ("furnisher") under 15 U.S.C. § 1681a(r)(5) whose registered agent is C T Corporation System, located at 28 Liberty St., New York, New York, 10005.

8. Defendant Equifax is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

9. Defendant Experian is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Defendant Transunion is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. On or about January 29, 2007, Plaintiff bought a property located at 28175 N. Desert Native St., Queen Creek, AZ 85143. The property is a single-family home that

1  occupies 2,699 sq. ft. and was built in 2006.

2      13.    Plaintiff took out two mortgages to purchase the property.

3      14.    In 2008, the financial crisis hit, and Plaintiff began experiencing financial
4  difficulties.

5      15.    Upon information and belief, Citi or Citimortgage acquired one of Plaintiff's
6  mortgages from the original lender or then current loan servicer.

7      15.    Upon information and belief, on or about June 13, 2013, non-party OneWest
8  Bank, FSB sold Plaintiff's property under a trustee's power of sale.

9      16.    Because OneWest Bank, FSB sold Plaintiff's property under a trustee sale,
10 Citi and Citimortgage were and are barred from collecting on the deficiency in any way.

11     17.    On or around September 24, 2014, despite the property having been sold
12 through a non-judicial action, Citi and Citimortgage reported a tradeline with the credit
13 reporting agencies, reporting the balance of Plaintiff's debt on his credit report.

14     18.    In or around October of 2017, Plaintiff sought credit to buy a home.

15     19.    Plaintiff was told by the loan officer that he did not qualify for the credit and
16 that his application would be denied, or would be approved subject to very onerous terms,
17 because Plaintiff's credit report included the mortgage tradeline reported by Citi and
18 Citimortgage.

19     20.    On or about May 3, 2018, Plaintiff sent letters to all three Equifax, Experian,
20 and Transunion. Plaintiff disputed their reports because they were reporting a deficiency
21 as a second mortgage.

22     21.    Defendants Equifax, Experian, and Transunion received Plaintiff's disputes
23 between May 6 and 8, 2018.

24     22.    Upon information and belief, Equifax, Experian, and Transunion forwarded
25 Plaintiff's dispute to Citi and Citimortgage, as required under 15 U.S.C. § 1681i(a)(2).

26     23.    On or about May 15 and 30, 2018, Equifax sent Plaintiff two letters. Equifax
27 informed Plaintiff that following a reinvestigation, Equifax would continue to report the
28 Citi/Citimortgage tradeline as a charge off.

24. In its May 30, 2018 letter, Equifax reports the tradeline with a $0 balance as it should have originally been reported. However, the tradeline reports Plaintiff as being late on his payments from August of 2013 through and including April of 2018; approximately 6 years after the foreclosure and after the account should have been closed.

25. On or about May 17 and 25, 2018, Experian sent Plaintiff two letters. Experian informed Plaintiff that following a reinvestigation, Experian would continue to report the Citi/Citimortgage tradeline as a charge off for $38,010.

26. In its May 25, 2018 letter, Experian reports the tradeline with a $0 balance, with $38,010 as being charged off as of May 2018 (even though the debt was abolished in a trustee's sale that occurred approx. 6 years earlier). However, the tradeline reports Plaintiff as being late on his payments by 180 days from August of 2013 through and including March of 2018. Further, the tradeline reports the account as charged off both in April and May of 2018.

27. On or about May 23, 2018, Transunion sent Plaintiff a letter. Transunion informed Plaintiff that following a reinvestigation, Transunion would continue to report the Citi/Citimortgage tradeline as a charge off for $38,010.

28. Transunion further reported the tradeline with a $0 balance, with $38,010 as being charged off. However, the tradeline reports Plaintiff as being late on his payments by 120 days from August of 2013 through and including March of 2018.

29. The reporting by Equifax, Experian and Transunion is inaccurate for many reasons, including but not limited to:

   a. the tradelines continuously report Plaintiff as being late on his payments on a debt he does not owe; and

   b. the tradelines report the account as being charged off or closed in 2018, when the property was sold under the deed of trust approx. 6 years earlier.

30. Equifax, Experian, and Transunion's reporting of the above information is patently inaccurate because Citi and Citimortgage were by law barred from collecting the debt from Plaintiff.

-4/9-                                              THIRD AMENDED COMPLAINT
                                                        AND DEMAND FOR JURY TRIAL

31. Equifax, Experian and Transunion have been sued in Arizona for reporting Purchase money loans with outstanding balances after a non-judicial foreclosure.

32. Citi, Citimortgage, Equifax, Experian, and Transunion knew or had reason to know that the reporting was inaccurate.

33. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain. Defendant's conduct further exacerbated Plaintiff's emotional distress after Plaintiff's ex-wife fraudulently opened several credit cards and credit accounts, while Plaintiff was deployed in Guantanamo Bay, a situation he only discovered after he came back home.

34. The inaccurate reporting by Defendants has caused Plaintiff's credit file to be severely damaged.

35. Plaintiff has suffered damages because Plaintiff cannot obtain credit which he needs.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. The FCRA requires a credit reporting agency, either after receiving notice that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information.

38. Defendants Equifax, Experian, and Transunion failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

39. Defendants Equifax, Experian, and Transunion failed to conduct a reasonable investigation under 15 U.S.C. § 1681i.

40. Defendants Equifax, Experian, and Transunion violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

   a. Willfully and negligently failing to conduct an investigation of the

      inaccurate information that Plaintiff disputed;

  b. Willfully and negligently failing to review all relevant information concerning Plaintiff's file;

  c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

  d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff; and

  e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the other credit reporting agencies.

41. The FCRA requires a furnisher such as Citi and Citimortgage, either after receiving notice directly from the consumer or from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information. The investigation involves (a) reviewing all relevant information, (b) reporting the results of the investigation to the credit reporting agency, and (c) if the investigation reveals that the information is incomplete or inaccurate, reporting those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

42. Defendant**s** Citi and Citimortgage failed to conduct a reasonable investigation following receipt of no less than **three** indirect disputes under 15 U.S.C. § 1681s(2)(b).

43. Defendant**s** Citi and Citimortgage have willfully provided inaccurate information to Defendants Equifax, Experian, and Transunion, despite Arizona's anti-deficiency statute.

44. Defendants reporting of the deficiency is patently inaccurate under Arizona's anti-deficiency statute.

45. Defendants' conduct was a direct and proximate cause, as well as a

THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

46. As a result of the above-described violations Plaintiff has sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

47. Defendants' violation of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marshall Gross respectfully requests judgment be entered against Defendants for the following:

   A. Declaratory judgment that Defendants Citi, Citimortgage, Equifax, Experian, and Transunion violated the FCRA;

   B. Actual damages pursuant to 15 U.S.C. § 1681n(a);

   C. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

   D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

   F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

THIRD AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL

1    G. Any other relief that this Court deems appropriate.

2    Respectfully submitted this 1st day of March 2019.

                                            PRICE LAW GROUP, APC

                                            By:*/s/ David A. Chami*
                                            David A. Chami, AZ #027585
                                            david@pricelawgroup.com
                                            *Attorneys for Plaintiff*
                                            *Marshall Gross*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

                                        PRICE LAW GROUP, APC

                                        /s/ *Florence Lirato*

THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL