**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marshall Gross, | No. CV-18-02103-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| CitiMortgage Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees seeking over $480,000 in fees. (Doc. 203). The billing records counsel submit reflect an astonishing level of time spent on tasks. In fact, the time recorded for certain tasks is so implausible that it renders the billing records, in their entirety, unreliable. Based on counsel's decision to not keep accurate billing records, the motion will be granted in part and denied in part.

I.      **Background**

Plaintiff Marshall Gross filed this suit under the Fair Credit Reporting Act alleging CitiMortgage Incorporated ("Citi") failed to conduct a reasonable investigation following his written credit reporting dispute. The Court granted summary judgment in favor of Citi (Doc. 137), but the Ninth Circuit reversed and remanded that decision (Doc. 142). On remand, the case was proceeding to trial when Plaintiff accepted Citi's Offer of Judgment, settling the case for $50,000. (Doc. 200). That settlement did not include or address attorneys' fees, so Plaintiff subsequently filed a Motion for Attorneys' Fees pursuant to the fee shifting provision of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681n(a)(3) and

1681o(a)(2), the Offer of Judgment, and Local Rule 54.2. (Doc. 203). Plaintiff seeks to recover $481,807.50 in attorneys' fees. (Doc. 203 at 1). Citi argues that amount is excessive and requests an award capped at $150,333.20. (Doc. 206 at 18).

## II. Lodestar Calculation

"[C]ourts employ the 'lodestar' method to determine a reasonable attorney's fees award." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). "[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Id.* The Court has "considerable discretion" in determining the reasonableness of attorney's fees. *Webb v. Ada County Idaho*, 195 F.3d 524, 527 (9th Cir. 1999). After calculating the lodestar amount, a Court may reduce or multiply the award based on a variety of factors. Those factors include:

> "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases."

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citing *Johnson v. Georgia Highway Express, inc.*, 488 F.2d 714, 720 (5th Cir. 1974)) ("*Kerr* factors").[1] Some of these factors normally are subsumed in the lodestar such that they should not be considered again after the lodestar is determined. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013) (identifying factors that are normally considered when calculating lodestar).

---

[1] Local Rule 54.2 also lists factors the Court must address when determining the reasonableness of the requested award. These factors are largely duplicative of the *Kerr* factors.

### A. Hourly Rates

The first question is whether the rates asserted by Plaintiff are reasonable. "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Southwest Fair Housing Council v. WG Scottsdale LLC*, 2022 WL 16715613, *3 (D. Ariz. Nov. 4, 2022) (citing *Kelly*, 822 F.3d at 1099). And "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff submitted the following rates and asserts they are reasonable:

| Attorney | 2018-19 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|
| David A. Chami | $500/hour | $550/hour | $650/hour | $725/hour | $725/hour |
| Nemer N. Hadous | N/A | N/A | N/A | $500/hour | $550/hour |
| Beth Findsen | $500/hour | $525/hour | N/A | N/A | $575/hour |
| Michael Yancey III | N/A | N/A | $275/hour | $275/hour | N/A |

To support Plaintiff's claim of reasonableness, each of the four attorneys submitted affidavits stating they have determined these rates are reasonable. (Docs. 203-4, 203-5, 203-7, and 203-8). Plaintiff also submitted additional declarations from other lawyers litigating in the consumer protection practice area to substantiate that these rates are reasonable for the years at issue. (Docs. 203-6, 203-9, 203-10). These declarations all include the same language indicating the market rate in Arizona for this type of case "is a range from $300-850+ per hour," and that the "market rate in Phoenix is generally skewed to the higher end of that rang [sic] to account to [sic] the higher cost of living in a metropolitan area." (Docs. 203-6 at 3, 203-9 at 12, and 203-10 at 3).[2] Lastly, Plaintiff submitted a United States Consumer Law Attorney Fee Survey Report for the year 2017-

---

[2] The Court notes the presence of the typographical errors in each of the affidavits from three different attorneys in the same paragraph, suggesting this boilerplate language was provided to the affiants.

2018, which supports that the median rate for attorneys handling credit rights cases was between $350 and $675/hour. (Doc. 203-2 at 73).

Plaintiff states the following information about the lawyers practicing in this case. Citi does not object or respond specifically to any of this information.

David Chami has been practicing law for 13 years, with extensive experience in consumer protection litigation. (Doc. 203 at 11). Mr. Chami has been the managing partner of Price Law Group, APC since 2014, and he has served as the co-chair for the National Association of Consumer Attorneys in Arizona. (*Id.*) He has worked as either lead or supervising attorney in over 750 consumer and civil rights cases in federal courts in the past six years. (*Id.* at 14-15).[3] Nemer Hadous has been practicing as an attorney since 2009. He has participated in nine jury trials over the past 10 years, and has extensive experience in civil trial and appellate litigation.[4] Beth Findsen has practiced law for approximately 26 years, and for the past 15 years has focused primarily on consumer protection cases.[5] (*Id.* at 17). Lastly, Michael Yancey III has been practicing law for just over a year, but has worked with Price Law Group, APC since his first year of law school.[6] (*Id.*)

Citi does not specifically respond to Plaintiff's proffered reasonable rates, except to argue that in December of 2022, Mr. Chami told Defense Counsel that his billing rate for 2022 was $650/hour. The present motion asserts his billing rate for 2022 was $725/hour. (Doc. 206 at 9). Plaintiff responds that the touchstone in attorneys' fees awards is not what was actually billed, but what a reasonable rate was at that time. (Doc. 209 at 14-15). Plaintiff has provided sufficient evidence to demonstrate that the rates requested are generally reasonable, that is, that they fall within a broad $400 window of reasonableness and that attorneys in Phoenix receive the higher end of that window, accounting for inflation. (*See, e.g.*, Doc. 203 at 10-11). However, Plaintiff cannot simply assert a higher rate (here, $725/hour) with no specific justification, especially when there is evidence Plaintiff's counsel in fact previously believed a lower rate ($650/hour) was reasonable for

---

[3] David Chami is noted as "DAC" in the attached spreadsheet.
[4] Nemer Hadous is noted as "NEMER H." in the attached spreadsheet.
[5] Beth Findsen is noted as "BETH F." in the attached spreadsheet.
[6] Michael Yancey III is noted as "MYIII" in the attached spreadsheet.

the same year.

The Court finds that the experience, reputation, and ability of Plaintiff's counsel generally support the hourly fees requested in this case. Accordingly, the Court finds Plaintiff's rate schedule above is reasonable, with the exception of Mr. Chami's rate for 2022. The Court will assess his rate for hours billed in 2022 at $650/hour. Because of inflation and the lack of contrary evidence from Citi, the Court will assess his hours billed in 2023 at $725/hour.[7]

### B. Reasonable Hours

Next, the Court turns to the reasonableness of the hours spent on the litigation. Courts may "exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). *See also McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (district court should exclude hours from lodestar calculation that are "excessive, redundant, or otherwise unnecessary"); *Lassley v. Secura Supreme Ins. Co.*, CV-14-1667 JWS, 2015 WL 7567467, *2 (D. Ariz. Nov. 25, 2015). Citi argues the hours in the lodestar calculation should be reduced for a number of reasons. The Court addresses each below.

#### i.        Cutoff Date

On April 28, 2021, while Plaintiff's appeal to the Ninth Circuit was pending, Citi offered to settle with Plaintiff for $35,000. Plaintiff counteroffered a few months later with a demand of $750,000, which his own attorney admitted was "too high." (Doc. 206 at 3-4). Citi rejected that demand but offered $100,000 on July 21, 2021. Plaintiff rejected that offer in September of 2021. The parties then argued the appeal before the Ninth Circuit. The case ultimately settled in January of 2023 within a month of trial, after the Ninth Circuit reversed and remanded this Court's order on summary judgment, for $50,000.

Citi first argues that any time spent after April 28, 2021 was de facto unreasonable. Citi argues in a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff does not receive any benefit from his attorney's services after that rejected offer.

---

[7] Several of the *Kerr* factors are relevant to the reasonableness of Plaintiff's proposed hourly rates. The Court incorporates its discussion of the *Kerr* factors below.

(Doc. 26 at 5) (citing *Marek v. Chesny*, 473 U.S. 1, 11 (1985)). Citi asserts Plaintiff rejected numerous reasonable settlement offers. Since the case ultimately settled for $50,000, Citi argues Plaintiff received "virtually no benefit" from the legal work performed after April 28, 2021. (Doc. 206 at 7). Citi argues Plaintiff's unreasonable settlement conduct should be considered in the award of attorneys' fees, and that since Plaintiff's counsel indicated their fees through April 28, 2021 were $228,057.50, that should be the absolute limit of the lodestar calculation. (Doc. 206 at 7).

Plaintiff responds he in fact litigated a successful appeal after this date. Plaintiff argues the offer of $35,000 on April 28, 2021 was inclusive of attorneys' fees and costs, which would not have come close to covering the fees and costs accrued to date. (Doc. 209 at 8). Plaintiff also asserts the unreasonable settlement negotiations went both ways, and that Citi's recitation of the facts is one-sided and misleading.

Both parties acted unreasonably at various points during the litigation with respect to settlement offers. And Plaintiff did succeed in obtaining a reversal and remand at the Ninth Circuit after the date which Citi urges the Court to cut off attorney's fees. Thus, the Court will not strictly "cut off" the date for Plaintiff's request for attorney's fees. However, the Court will consider Plaintiff's refusal of various reasonable settlement offers, including at least one that doubled what he finally settled for, as a factor when reviewing the reasonableness of the hours spent on this matter (see below). *See, e.g.*, *Paz v. Portfolio Recovery Assocs., LLC*, 924 F.3d 949, 953-54 (7th Cir. 2019) (affirming award of $10,875 in FCRA case where Plaintiff requested $187,410 in fees after refusing settlement and proceeding to trial).

### ii.    Unreliable Evidence, Vague Descriptions, and Billing Judgment

Next, Citi argues Plaintiff's evidence of their hours worked is unreliable and too vague to assess reasonableness.[8] Citi argues there is no evidentiary basis for the spreadsheet

---

[8] Citi also argues Plaintiff's counsel failed to exercise "billing judgment," by which an attorney eliminates time resulting from work that was "excessive, redundant, or otherwise unnecessary." (Doc. 206 at 10) (citing *Hensley*, 461 U.S. at 433-34). Citi argues 91% of Plaintiff's time was billed by Mr. Chami, the most senior lawyer involved, which indicates

provided by Plaintiff's counsel, no corroborating evidence of the hours worked, and serious discrepancies in the entries that suggest the hours are not accurate. Plaintiff responds that counsel were not required to maintain contemporaneous time records, and that their spreadsheet was sufficient under the Ninth Circuit precedent and the local rules. Citi relatedly argues Plaintiff's counsel failed to reduce its request for excessive, inefficient, redundant, or duplicate entries, and Citi asks the Court to reduce the total lodestar figure by 20% to account for these failures. Plaintiff argues he did make such reductions, including removing charges attributed to "legal work unrelated to Citi" and not including unscheduled communication with opposing counsel. (*See* Doc. 209 at 12).

The Court notes that the "legal work unrelated to Citi" constitutes 33 out of 530 entries, each of which was only billed at 0.1 hours, for a total reduction of 3.3 hours out of a request for over 800 hours. Additionally, the Court agrees with Citi that many of Plaintiff's entries are excessive, vaguely worded, or otherwise poorly itemized. While some of the time entries contain sufficient information and documentation to support the hours spent, the Court finds that numerous entries are excessive, duplicative, or too vague to assess reasonableness.[9]

Before considering the specific time entries, the Court will analyze some of the *Kerr* factors. *See, e.g.*, *Graves v. Arpaio*, 633 F. Supp. 2d 834, 846 (D. Ariz. 2009) (listing *Kerr*

---

a failure to delegate appropriately. Plaintiff responds it is his decision how best to run his law firm and manage his cases, and that the Court cannot substitute its judgment on those issues. The Court will not reduce attorney's fees based on failure to delegate to lower-level attorneys. However, Plaintiff was not free to bill attorney time for clerical tasks. The Ninth Circuit recognized long ago "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992). Thus, the Court will reduce all tasks that could have been performed by a non-attorney.

[9] Citi specifically mentions the following entries: spending 16 hours to draft a one-count complaint; spending 30 minutes to pay a filing fee; spending 30 minute reviewing a summons; spending 1.8 hours reviewing a one-page order denying an extension of time; spending over an hour to review a notice of deposition; and spending 1.4 hours to review their own amici's uncontested, 2.5 page request to participate in oral argument at the Court of Appeals. (Doc. 206 at 9).

factors normally subsumed in lodestar calculation). This case, brought under FCRA, was a complex case. As Plaintiff argues, the case progressed through summary judgment briefing, a full appeal to the Ninth Circuit, reversal and remand, briefly re-opened discovery, and trial preparation. The case required multiple expert witnesses and spanned nearly five years. The Ninth Circuit reversal indicates to some extent how complex FCRA questions can be. However, the Court notes the parties engaged in fruitless settlement talks, and apparently did not have a realistic sense of Plaintiff's damages at various points in the litigation. Given these facts, a large award of fees is not surprising.

As reflected in his hourly rate, Plaintiff's counsel has the skill and experience to litigate this FCRA case successfully. As discussed above when determining whether the hourly fees requested were reasonable, Plaintiff's counsel has extensive experience in this practice area. Plaintiff's counsel also litigated the appeal themselves. Plaintiff additionally argues that all FCRA plaintiffs' attorneys "are financially limited in the number of cases, and the types of other cases, that they may accept while litigating under the FCRA." (Doc. 203 at 8). Plaintiff argues this factor weighs in favor of his fee request. However, Plaintiff's counsel provided no particular details about their caseloads or whether they were, in fact, precluded from working on other cases while this matter was pending. Additionally, as discussed below, even if Plaintiff's counsel turned down other cases while working on Plaintiff's, many of the hours Plaintiff's counsel spent on this litigation were not reasonably expended; thus, it is unclear what significance this factor has in Plaintiff's fee calculation.[10]

Counsel's experience and skill, which support a high hourly rate, undercut many of the time entries reflected in the records. Experienced counsel should be able to perform simple tasks in very little time and even complex tasks should take experienced counsel far less than counsel unfamiliar with this area of law. The billing entries, however, reflect Plaintiff's lead counsel spent an inordinate amount of time performing tasks he should have been able to perform in significantly less time. For example, an experienced attorney able

---

[10] Plaintiff's counsel was retained on a contingent basis, due to FCRA's fee-shifting provision. (Doc. 203 at 12). This factor is irrelevant to the lodestar calculation. *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

to bill at $725 per hour should be able to draft a seven-page complaint in less than fifteen hours.

The Court carefully considered the time and labor reasonably required for each task on Plaintiff's spreadsheet. While some tasks, like preparing for deposition or drafting motions, undoubtedly take hours of time, some of Plaintiff's requests are so excessive as to render all of the entries unreliable. The following are only a few of the more extreme entries reflecting unreasonable time spent on tasks:

1) On April 16, 2019, counsel allegedly spent 2.7 hours to "draft[]/review[] statement of discovery dispute." Plaintiff's portion of that filing is nine lines of text and Citi's portion is 14 lines. (Doc. 81). It is not remotely plausible a reasonable, experienced attorney would spend three hours on this task. Shortly after the parties' filing, the Court issued an Order resolving this dispute. That Order was less than two pages. Plaintiff's counsel recorded 0.8, or 48 minutes, reading that Order.  No reasonable attorney would take that long to perform that task.

2) On May 8, 2019, Plaintiff's counsel recorded he spent 1.8 hours reviewing an Order denying a request for extension of time. That Order consisted of five lines, totaling 69 words. It is not possible a reasonable attorney would spend almost two hours reading five lines of text.

3) On May 29, 2019, Plaintiff's counsel recorded 1.4 hours for drafting and reviewing another discovery dispute statement. Plaintiff's portion of that statement was fifteen lines and Citi's was the same length. A reasonable attorney would not have spent almost 90 minutes drafting and reviewing 30 lines of text.

4) On June 17, 2019, Plaintiff's counsel recorded 1.9 hours for drafting a statement of discovery dispute. Plaintiff's portion of that statement was longer than previous discovery disputes but was still only one page of text. A reasonable attorney would not have spent 2 hours drafting a single page. After receiving the dispute, the Court called for additional briefing in an Order approximately 180

words in length. Plaintiff's counsel recorded spending 0.7 reading that order. A reasonable attorney would be able to read more than four words per minute.

5) On August 12, 2019, Plaintiff's counsel recorded 1.4 hours "receiving" expert disclosures. There is a separate entry for reviewing the expert disclosure, meaning the "receiving" entry reflects only the task of receipt. But "receiving" documents takes no time at all. No reasonable attorney would bill 1.4 hours for a task that take effectively zero time.

6) On December 19, 2022, Plaintiff's counsel recorded 6.1 hours to "review" the three motions in limine filed by Citi.  Those motions totaled less than 15 pages. A reasonable attorney would not spend hours and hours merely "reviewing" such filings.

These few examples show there are two possibilities: either the billing records are false, or counsel is not competent to perform tasks at a pace that any court would deem to be reasonable. Regardless of which possibility is accurate, the Court will make significant and required reductions to the requested time.

When calculating the lodestar amount, the Court may "reduce the amount of requested fees . . . to deduct those hours the court deems excessive." *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 763 (9th Cir. 2015). Instead of applying a blanket reduction, as Citi requested, the Court reviewed each individual line item and determined, based on the phase of the litigation and the surrounding entries, whether each entry represented a reasonable request. *Compare Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (vacating across-the-board reduction of hours and ordering district court to tie reductions to actual hours). Based on all of these reasons, the Court will reduce and remove entries in Plaintiff's request. The attached spreadsheet shows the Court's reductions, with explanatory labels such as "excessive," "vague," or "excessive and vague" as relevant.[11] The Court reduced some of these entries by 50%, reduced some to a nominal or reasonable

---

[11] For a few entries, the Court reduces them for other reasons, such as redundancy with other entries. The Court indicated additional reasons for reduction as relevant on the attached spreadsheet.

time expenditure, or removed the entry altogether, depending on the description of the task and the length of time noted for that task. *See, e.g.*, *Southwest Fair Housing Council v. WG Scottsdale LLC*, 2022 WL 16715613, *7 (D. Ariz. Nov. 4, 2022) (reducing entries by 50% and removing some entries altogether, for entries that are "so vague such that their reasonableness cannot be evaluated," including entries such as "draft complaint" or "deposition preparation"); *Abrams v. Sequium Asset Solutions, LLC*, 2023 WL 2757195, *9 (W.D. Wash. Mar. 31, 2023) (reducing various entries by 50% for lack of specificity). Because some entries undoubtedly reflect actual legal work performed by Plaintiff's counsel, a 50% reduction is appropriate in that it accounts for the lack of clarity while still awarding a significant amount of hours to Plaintiff's counsel. Where entries were so vague that the Court was unable to assess reasonableness, or so very excessive as to be unreliable, the Court awarded a nominal or reasonable amount of hours to indicate that while counsel undoubtedly did perform the task, the requested hours were completely detached from any concept of reasonableness and so warrant a significant reduction.

The Court reduced the lodestar figure to $309,938.75 for these reasons.

### iii.    Fees Incurred on Appeal

Lastly, Citi argues the Court does not have jurisdiction to award attorney's fees related to Plaintiff's appeal, because Plaintiff failed to request attorney's fees from the Ninth Circuit directly pursuant to Ninth Circuit Rule 39-1.6. (Doc. 206 at 17). Under Ninth Circuit rules and case law, a plaintiff must bring a motion for fees in the appellate court when his success on appeal qualifies him as a "prevailing party." *Cummings v. Connell*, 402 F.3d 936, 947-48 (9th Cir. 2005). But when a plaintiff "is not entitled to attorney's fees after an interlocutory appeal . . . it cannot immediately request attorney's fees from [the Ninth Circuit]." *Yamada v. Snipes*, 786 F.3d 1182, 1210 (9th Cir. 2015). But if "the plaintiff subsequently become[s] a prevailing party, however, it should presumptively be eligible for attorney's fees incurred during the first appeal, because that appeal likely contributed to the success of the underlying litigation." *Id.*

The question then becomes whether Plaintiff was a "prevailing party" upon

conclusion of the appeal in this case, in July 2022. Citi argues Plaintiff was a prevailing party at that time because he "succeed[ed] on [a] significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433. Citi argues Plaintiff obtained a judgment from the Ninth Circuit that Citi's reporting was inaccurate as a matter of law, which was a "significant issue" in the litigation. Plaintiff does not respond to this argument, but instead cites inapplicable case law.

It is true the Ninth Circuit held as a matter of law that Citi's reporting was inaccurate. However, the Ninth Circuit's order specifically left multiple other elements of Plaintiff's FCRA claim open. *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1252 (9th Cir. 2022) ("Establishing an inaccuracy is not enough, however; Gross must also show that the inaccuracy was the product of an unreasonable investigation by CitiMortgage."); *id.* at 1253 (leaving question of actual damages to jury on remand). Thus, Plaintiff was not a "prevailing party" entitled to attorney's fees under FCRA at that point in the litigation. While the Ninth Circuit held he established one element of his FCRA claim, it remanded for trial on the remaining elements of his claim. This situation is fundamentally different than the case cited by Citi in which a preliminary injunction was granted in favor of a party before the case was settled. *See, e.g.*, *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 716 (9th Cir. 2013). In that case, the Ninth Circuit explained the settlement transformed the preliminary injunction into an "enduring" victory rather than an "ephemeral" one, which meant that there was a "material alteration of the parties' legal relationship" sufficient to render the plaintiff a "prevailing party." *Id.* at 717-18. Here, the Ninth Circuit's legal determination was neither enduring nor ephemeral, since it addressed only one element of Plaintiff's claim. On remand, a jury may have found for Citi on every other element Plaintiff had left to prove. Only upon accepting Citi's offer of judgment did Plaintiff achieve enduring victory.

Thus, Plaintiff was not entitled to attorney's fees upon conclusion of the Ninth Circuit appeal in this case. He did not forfeit his ability to request those fees, and this Court has jurisdiction to award them in the first instance. See *Yamada*, 786 F.3d at 1210.

### iv.       Lodestar Calculation

Accordingly, after reducing the Plaintiff's requested lodestar amount to remove unreasonable and excessive hours, the Court calculates the lodestar amount to be: $309,938.75.

### C. Downward Adjustment

There is a "strong assumption that the 'lodestar' method represents a reasonable fee," *Corrales-Gonzalez v. Speed Auto Wholesalers LLC*, 2023 WL 3981139, * 7 (D. Ariz. June 13, 2023) (quoting *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2021 WL 3400608, *6 (D. Ariz. July 20, 2021)). But the Court also "has discretion to adjust the lodestar upward or downward" based on the *Kerr* factors not subsumed in the lodestar calculation. *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016). Courts must assess these factors and must articulate "with sufficient clarity the manner in which it makes its determination." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (citation omitted).

Some of these factors are subsumed in the above analysis. The Court considers the remaining factors here.

### i.       Customary Fee

Plaintiff argues there is no such thing as a "customary fee" in a FCRA case because of its fee-shifting provision. Instead, courts look to what the prevailing rates and hours in the community are for "similar services by lawyers of comparable skill, experience, and reputation." (Doc. 203 at 9) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). As discussed above, Plaintiff submitted affidavits from each of the attorneys who worked on this case as well as affidavits from lawyers in the community to substantiate the hourly fees Plaintiff requests. Plaintiff also provides data on the average hourly rates for credit related cases in Phoenix Arizona from 2017-2018, and a calculation from the Bureau of Labor Statistics accounting for inflation over the past five years. (Doc. 203 at 10-11). The Court also acknowledges that Plaintiff's counsel are all attorneys with extensive experience in consumer protection litigation. It is unclear what the significance of this factor is, other

than to support that Plaintiff's requested hourly rates were reasonable, as already considered above.

### ii.     Time Limitations

Plaintiff admits there were no time limitations imposed by the client or the circumstances in this case. (Doc. 203 at 12). This factor is thus inapplicable.

### iii.    Amount Involved and Results Obtained

The Supreme Court has instructed the "most critical factor in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). *See also Rudebusch v. Arizona*, No. 95-CV-1313-PCT-RCB, 2007 WL 2774482, at *5 (D. Ariz. Sept. 21, 2007) (quoting *Hensley*, 461 U.S. at 436). If a "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Farrar*, 506 U.S. at 114 (quoting *Hensley*, 461 U.S. at 436). Indeed, "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440.

This case settled for $50,000 and a judgment against Citi after nearly five years of litigation. Plaintiff claims this amount is a reflection of a successful litigation, because it is well above the statutory maximum of $1,000 for actual damages. (Doc. 203 at 12-13). Plaintiff further argues that under fee-shifting statutes, the attorney's fees awarded can— and perhaps should—dramatically exceed the actual recovery for the prevailing party. (*Id.* at 13-14). Citi, on the other hand, argues the fee-shifting nature of FCRA cases should make courts especially vigilant to guard against lawyers gouging defendants for outsized fee awards. This case presents exactly that situation, Citi asserts, where Plaintiff settled for far less than he originally sought, and where Plaintiff and Plaintiff's counsel acted irrationally during settlement negotiations. Plaintiff had at one point requested $750,000 to settle the case after remand from the Ninth Circuit, which was fifteen times what he ultimately accepted. Moreover, Plaintiff's counsel sent Citi a list of cases they claimed Plaintiff's damages (for emotional distress and punitive) would "likely be in line with."

(Doc. 206-1 at 76-80). It is difficult to discern what Plaintiff's counsel meant by that, because the list of cases includes awards from $10,000 to over $1,000,000. Citi contends the average award in Plaintiff's cited cases was $375,000, which represents a marked difference from the $50,000 Plaintiff ultimately voluntarily accepted.

It seems, judging both from Plaintiff's collected cases and the Court's review of the conduct and claims in this matter itself, that $50,000 was actually a minor victory for Plaintiff. And Citi argues it was "patently unreasonable for counsel to spend 815 hours litigating a $50,000 case, particularly where the disclosed *economic* damages were less than $2,000 and the balance was a speculative claim for emotional distress." (Doc. 206 at 14) (emphasis in original). Citi asserts Plaintiff's counsel would receive a windfall were the Court to award the full lodestar amount. (*Id.*) The Court agrees.

Moreover, the Court reviews Plaintiff's success in the accepted offer within the context of the litigation as a whole. It seems highly likely that this case could have settled sooner, perhaps even more favorably for Plaintiff, had both parties acted reasonably. Instead, the settlement negotiations in this case were remarkably unreasonable on both sides. As far back as August of 2018, the year Plaintiff filed suit, Plaintiff offered to settle the case for $50,000, the amount he would settle for nearly five years later. (Doc. 206-1 at 1). Citi rejected that offer because, they claim, at that time Plaintiff had not substantiated any of his economic damages. Citi later offered to settle for $2,000, which Plaintiff refused. A month later, Plaintiff demanded $125,000, inclusive of $81,050 in fees (leaving $43,950 for Plaintiff, very close to the $50,000 he ultimately accepted). Just over a month after that, Plaintiff increased his demand to $200,000, inclusive of $113,100 in fees and $86,900 for Plaintiff, without any new disclosure of additional damages. Citi refused the $200,000 demand and offered $7,500, which Plaintiff's counsel said was a "ridiculous offer[]." (Doc. 206-1 at 39). After Citi prevailed on summary judgment, Citi offered Plaintiff $35,000, which Plaintiff refused. Plaintiff countered with $750,000, which even Mr. Chami admitted was "too high." (Doc. 206-1 at 48). On July 21, 2021, Citi offered $100,000, which Plaintiff rejected. Finally, after remand from the Ninth Circuit, Plaintiff demanded $1,500,000.

1   (Doc. 206-1 at 53).

2         Believe it or not, this was not the end of the parties' shenanigans. Within a month

3   of trial, Citi served a $50,000 offer of judgment. Citi offered to increase the offer to Plaintiff

4   to $75,000 if the parties could settle upon reasonable attorney's fees without litigation at

5   $275,000. (Doc. 206-1 at 54). Mr. Chami responded, "No way[.] I'd rather pay Mr. Gross

6   out of my fees to get him on board with the current [offer of judgment]." (Doc. 206-1 at

7   54).

8         Both parties expressed unreasonable attitudes towards settlement—that much is

9   clear. Citi's offers at times dramatically undervalued Plaintiff's claims. But far more

10  egregious were Plaintiff's wild and ever-increasing, unreasonable demands that seem

11  largely detached from any evidentiary basis. As Plaintiff's demands kept increasing, so too

12  did Plaintiff's counsel's fees, in an unreasonable manner. Plaintiff's counsel's hours

13  expended on this litigation were not "required" nor "reasonable."

14        The Court weighs this factor against awarding the full amount of the lodestar.

15        **iv.    Undesirability of the Case**

16        Plaintiff argues cases under FCRA are generally undesirable to most attorneys

17  because plaintiffs do not pay attorney's fees and costs up front or along the way. The fee-

18  shifting provision of FCRA only awards fees if the plaintiff is successful. Plaintiff argues

19  the "undesirability" of FCRA cases generally weighs in favor of Plaintiff's requested fees.

20  The Court generally agrees with Plaintiff and find this factor weighs in favor of Plaintiff's

21  requested fees. *See, e.g.*, *Caccimise v. Credit One Bank, N.A.*, No. 18-CV-971-JLS (BLM),

22  2020 WL 804741, *10 (S.D. Cal. Feb. 18, 2020) (finding FCRA cases are "undesirable"

23  absent the fee-shifting provision, and that awarding reasonable attorney's fees encourages

24  attorneys to work on such cases).

25        **v.    Nature and Length of Client Relationship**

26        Plaintiff did not have a professional relationship with his counsel before this matter

27  arose. (Doc. 2013 at 19). This factor is neutral.

28        **vi.    Awards in Similar Cases**

- 16 -

Lastly, the Court considers awards in similar cases. Plaintiff points the Court to seven cases it argues demonstrate similar awards in similar cases. (Doc. 203 at 20-21). Plaintiff's cited authority is misleading. While some of the cases support an hourly rate similar to what Plaintiff's counsel has requested, the total fees awarded in many of those cases fall well below what Plaintiff requests here. *Shelago v. Marshall Ziolkowski Enter., LLC*, No. CV-07-0279-PHX-JAT, 2009 WL 1097534, *2 (D. Ariz. Apr. 22, 2009) (awarding $17,175.33 in attorneys' fees with rates of $400/hour); *Meguerditchian v. Aetna Life Ins. Co.*, No. 2:12-CV-10999-ODW (JCx), 2014 WL 3926805, *6 (C.D. Cal. Aug. 12, 2014) (awarding $19,807.50 in reasonable attorneys' fees with rates of $600/hour in ERISA case); *Doyle v. Midland Credit Mgmt. Inc.*, No. 2:14-CV-3893-KM-SCM, 2017 WL 6944789, *6 (D.N.J. Dec. 1, 2017) (awarding $11,594.38 in attorneys' fees, with hourly rates of between $250/hour and $467.50/hour in FDCPA case); *Heling v. Creditors Collection Serv. Inc.*, No. 15-CV-1274-JPS, 2017 WL 2539785, *7 (E.D. Wis. June 12, 2017) (awarding $36,190.80 in attorneys' fees with hourly rates of $450/hour in FDCPA case).

Plaintiff also attempts to elide this matter with other types of cases entirely. *E.g.*, *In re Sears, Roebuck and Co. Front-Loading Washer Prods. Liab. Litig.*, No. 06-C-7023, 2018 WL 3707804, *8 (N.D. Ill. Aug. 3, 2018) (awarding nearly $500,000 in warranty class action). Plaintiff also asserts Phoenix fees are similar to those charged in San Francisco and Los Angeles. *Wit v. United Behavioral Health*, 578 F. Supp. 3d 1060 (N.D. Cal. 2022) (awarding over $19 million in an ERISA case). The relevance and persuasiveness of these cases is dubious.

The Court is unpersuaded that this factor weighs in favor of granting the full lodestar amount. On the contrary, Plaintiff provided case law suggesting far smaller awards are reasonable. And the Court's own review suggests that reasonable attorneys' fees in FCRA cases are far less than Plaintiff requests, especially given Plaintiff's limited success here. *See, e.g., Jansen v. Experian Info. Solutions, Inc.*, No. 05-CV-385-BR, 2011 WL 846876, *17 (D. Ore. Mar. 9, 2011) (awarding $298,959.75 in reasonable attorneys' fees in FCRA

1   case that settled for $275,000 after nearly six years of litigation); *Smith v. General Info.*
2   *Servs., Inc.*, 2019 WL 2106171, *9 (E.D. Cal. May 14, 2019) (awarding $103,840.00 in
3   reasonable attorneys' fees in FCRA case that settled for $105,000); *Seungtae Kim v. BMW*
4   *Fin. Servs. NA, LLC*, 2015 WL 12734013, *11 (C.D. Cal. Nov. 12, 2015) (awarding
5   $280,934.90 in reasonable attorneys' fees in FCRA and California Identity Theft (CIT)
6   case where Plaintiff secured judgment after trial of $250,000 on FCRA claim and $150,000
7   on CIT claim).

8          This factor thus weighs against awarding the full lodestar amount to Plaintiff.

9          **vii.    Lodestar Reduction**

10         Having considered all of the *Kerr* factors, the Court determines a 20% reduction of
11   the lodestar amount is appropriate in this case. *See Rodriguez v Barrita, Inc.*, 53 F. Supp.
12   3d 1268, 1290 (N.D. Cal. 2014) (reducing lodestar by additional 20% which "reflects that
13   while the enormous time spent on this litigation was in some respects out of proportion to
14   the results ultimately obtained, counsel nonetheless achieved significant success for their
15   client and the public"); *Achloul v. Fair Debt Collections and Outsourcing*, 2010 WL
16   1730789, *4 (M.D. Fla. Mar. 19, 2010) (reducing lodestar by additional 20% in light of
17   limited success); *Sonrai Sys., LLC v. Romano*, 2023 WL 4205518, *4, 6 (N.D. Ill. June 27,
18   2023) (reducing lodestar by additional 20% for lack of success). In this case, the 20%
19   reduction is based on the limited success achieved by Plaintiff after a lengthy litigation
20   with multiple unreasonable settlement negotiations. While Plaintiff had what turned out to
21   be a meritorious claim, reflected in the Ninth Circuit's order and the ultimate settlement
22   agreement, the time spent on litigation here was not proportional to the results obtained.
23   The 20% reduction is also based on the Court's review of awards in similar cases, which
24   rarely reach the amount Plaintiff's counsel seeks.

25   **III.    Conclusion**

26         In calculating the lodestar amount, the Court reduced Plaintiff's requested hourly
27   rate for Mr. Chami for 2022 to $650 because Plaintiff failed to provide evidentiary support
28   for the reasonableness of the requested rate of $725/hour. The Court further reduced the

hours reasonably expended on the litigation for a variety of entries where Plaintiff's counsel did not provide enough specificity or where the hours spent were excessive for the task at hand. The Court thus calculated the lodestar amount to be $309,938.75. Finally, after reviewing the remaining *Kerr* factors, the Court applied a 20% reduction to the lodestar amount for lack of success and to closer align with awards in similar cases. The Court will award attorneys' fees in the amount of $247,951.00.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for an Award of Attorneys' Fees is **GRANTED IN PART** and **DENIED IN PART**. Defendants shall pay Plaintiff $247,951.00 in attorneys' fees.

Dated this 10th day of August, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 10/24/2017 | DAC | | Received and reviewed email from Ed Rylund Chicanos referring Marshall Gross | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | "Received" is ambiguous and takes no time; 50% reduction to account for "review." |
| 10/24/2017 | DAC | | Email correspondence with Marshall Gross about potential case and setting up intake phone call | 0.1 | 0.1 | $ 500.00 | $ 50.00 | $ 50.00 | |
| 10/26/2017 | DAC | | Received documents from Marshall regarding Citi mortgage and conducted document review for potential case - **prorated from 6.2 hours based on claims against other defendants** | 3.3 | 1.7 | $ 500.00 | $ 1,650.00 | $ 825.00 | "Received" is ambiguous and takes no time; 50% reduction to account for "review." |
| 3/6/2018 | DAC | | Received more documents from Marshall, conducted additional document review, and set up call to discuss next steps - **prorated from 3 hours based on claims against other defendants** | 1.7 | 0.9 | $ 500.00 | $ 850.00 | $ 425.00 | "Received" is ambiguous and takes no time; 50% reduction to account for "review." |
| 3/7/2018 | DAC | | Conference call with Marshall discussing reporting issues and provided documents and setting up in-person meeting with Marshall and his wife | 1.7 | 1.7 | $ 500.00 | $ 850.00 | $ 850.00 | |
| 4/30/2018 | DAC | | Meeting with Marshall and his wife to discuss additional documents docs | 1.7 | 1.7 | $ 500.00 | $ 850.00 | $ 850.00 | |
| 5/1/2018 | DAC | | Email communication with Marshall regarding case and additional information needed | 0.5 | 0.5 | $ 500.00 | $ 250.00 | $ 250.00 | |
| 5/15/2018 | DAC | | Reviewed Dispute Response from Experian and considered credit reporting issue for liability against Citi for continued harmful reporting | 1 | 1.0 | $ 500.00 | $ 500.00 | $ 500.00 | |
| 5/18/2018 | DAC | | Reviewed Dispute Response from Equifax and considered credit reporting issue for liability against Citi for continued harmful reporting | 1.1 | 1.1 | $ 500.00 | $ 550.00 | $ 550.00 | |
| 5/22/2018 | DAC | | Reviewed dispute response from TU and considered credit reporting issue for liability against Citi | 0.7 | 0.7 | $ 500.00 | $ 350.00 | $ 350.00 | |
| 6/8/2018 | DAC | | Email communication with Marshall regarding case and additional information needed | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |
| 6/11/2018 | DAC | | Received email communication with Marshall with additional information needed | 0.5 | 0.0 | $ 500.00 | $ 250.00 | $ 0.00 | "Received" is ambiguous and takes no time. |
| 6/15/2018 | DAC | | Email communication with Marshall regarding the Citi account reporting | 0.5 | 0.5 | $ 500.00 | $ 250.00 | $ 250.00 | |
| 6/18/2018 | DAC | | In-office email communications regarding complaint | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |
| 6/19/2018 | DAC | | Prepared initial draft of the complaint - setup call to discuss with client - **prorated from 5.8 hours based on claims against other defendants** | 3.1 | 1.6 | $ 500.00 | $ 1,550.00 | $ 775.00 | Vague; 50% reduction. |
| 6/25/2018 | DAC | | Continued to work on draft complaint, in-office email regarding track changes and final read through - **prorated from 4.2 hours based on claims against other defendants** | 2.3 | 1.2 | $ 500.00 | $ 1,150.00 | $ 575.00 | Vague; 50% reduction. |
| 6/25/2018 | DAC | | Email communication with client regarding complaint | 0.1 | 0.1 | $ 500.00 | $ 50.00 | $ 50.00 | |
| 6/26/2018 | DAC | | Final read through and edits to the complaint. Final copy emailed to client for approval - **prorated from 2.8 hours based on claims against other defendants** | 1.6 | 0.1 | $ 500.00 | $ 800.00 | $ 50.00 | Excessive; clerical. Reduced to nominal time. |
| 7/3/2018 | DAC | 1 | Review of client's approval of complaint and filing | 0.4 | 0.0 | $ 500.00 | $ 200.00 | $ 0.00 | Clerical |
| 7/3/2018 | DAC | 2 | Submitted summons | 0.4 | 0.0 | $ 500.00 | $ 200.00 | $ 0.00 | Clerical |
| 7/3/2018 | DAC | 3 | Paid filing fee | 0.4 | 0.0 | $ 500.00 | $ 200.00 | $ 0.00 | Clerical |
| 7/5/2018 | DAC | 4 | Reviewed issued summons for service | 0.6 | 0.0 | $ 500.00 | $ 300.00 | $ 0.00 | Clerical |
| 7/5/2018 | DAC | 5 | Reviewed Mandatory Initial Discovery Pilot (MIDP) notice and order | 0.5 | 0.5 | $ 500.00 | $ 250.00 | $ 250.00 | |
| 7/16/2018 | DAC | 6 | Reviewed and filed Proof of Service re: Summons upon Equifax Information Services, LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 7/18/2018 | DAC | 7 | Reviewed Rule 16 Order | 0.6 | 0.3 | $ 500.00 | $ 300.00 | $ 150.00 | Excessive and vague; 50% reduction |
| 7/23/2018 | DAC | 8 | Reviwed and filed Proof of Service re: Summons upon Experian Information Solutions, Inc. | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 7/30/2018 | DAC | 9 | Reviwed Trans Union's First Motion for Extension of Time To Answer or Otherwise Respond to Complaint | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 7/30/2018 | DAC | 10 | Reviewed corporate disclosure statement by TransUnion LLC. | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 8/2/2018 | DAC | 11 | Reviewed Experian Information Solution, Inc.'s Answer | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 8/2/2018 | DAC | 12 | Reviewed corporate disclosure statement by Experian Information Solutions Incorporated | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 8/2/2018 | DAC | 13 | Reviewed Order granting Trans Union's Motion for Extension of Time to Answer | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 8/2/2018 | DAC | 14 | Reviewed Equifax Information Services LLC's ANSWER | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 8/2/2018 | DAC | 15 | Reviewed corporate disclosure statement by Equifax Information Services LLC. | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 8/8/2018 | DAC | | Reviewed text order granting pro hac vice motion for Sheereen Javadizadeh on behalf of defendant Experian Information Solutions Incorporated. | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 8/10/2018 | DAC | 16 & 17 | Drafted First Amended Complaint and Notice of Filing First Amended Complaint | 1.7 | 1.7 | $ 500.00 | $ 850.00 | $ 850.00 | |
| 8/16/2018 | DAC | 18 | Reviewed Experian Information Solutions Incorporated's Answer to First Amended Complaint | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 8/23/2018 | DAC | 19 | Drafted Notice of Settlement as to Trans Union, LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 8/24/2018 | DAC | 20 | Reviewed Equifax Information Services LLC's Answer to First Amended Complaint | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 8/24/2018 | DAC | 21 | Reviwed Motion to Dismiss for Failure to State a Claim filed by CitiBank NA. | 4.8 | 2.4 | $ 500.00 | $ 2,400.00 | $ 1200.00 | Excessive and vague; 50% reduction |
| 8/25/2018 | DAC | | Began drafting motion for sanctions under rule 11 and 28 USC 1927 related to Citi's unsupported motion to dismiss. | 3.7 | 1.9 | $ 500.00 | $ 1,850.00 | $ 925.00 | Excessive and vague; 50% reduction |
| 8/27/2018 | DAC | 22 | Reviewed Withdrawal of Motion to Dismiss by CitiBank | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive (1 page document); 50% reduction |
| 8/28/2018 | DAC | 23 | Reviewed Order dismissing Trans Union and Vacating Deadlines | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 8/31/2018 | DAC | 24 | Reviewed Experian Information Solutions Incorporated's MIDP responses | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 9/7/2018 | DAC | 25 | Drafted Motion to Amend Complaint | 1.7 | 1.7 | $ 500.00 | $ 850.00 | $ 850.00 | |
| 9/10/2018 | DAC | 26 | Reviewed Order vacating scheduling conference | 0.1 | 0.0 | $ 500.00 | $ 50.00 | $ 0.00 | Excessive. |
| 9/14/2018 | DAC | 27 | Reviewed Equifax Information Services LLC's MIDP responses | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 9/24/2018 | DAC | 28 | Reviewed Order granting leave to amend complaint | 0.1 | 0.0 | $ 500.00 | $ 50.00 | $ 0.00 | Excessive. |
| 9/25/2018 | DAC | 29 | Drafted Notice of settlement as to Trans Union, LLC Only | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 9/25/2018 | DAC | 30 | Drafted Second Amended Complaint | 0.8 | 0.8 | $ 500.00 | $ 400.00 | $ 400.00 | |
| 9/25/2018 | DAC | 31 | Drafted and served MIDP Responses | 1.3 | 1.3 | $ 500.00 | $ 650.00 | $ 650.00 | |
| 10/3/2018 | DAC | 32 | Drafted joint Motion for Leave to Appear Telephonically | 0.1 | 0.1 | $ 500.00 | $ 50.00 | $ 50.00 | |
| 10/5/2018 | DAC | 33 | Reviewed Order granting leave to appear telephonically | 0.1 | 0.1 | $ 500.00 | $ 50.00 | $ 50.00 | |
| 10/8/2018 | DAC | 34 | Drafted Rule 26(f) Report - **prorated from 3 hours based on claims against other defendants** | 1.7 | 0.9 | $ 500.00 | $ 850.00 | $ 425.00 | Excessive and vague; 50% reduction |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 10/9/2018 | DAC | 35 | Reviewed Experian Information Solutions Incorporated's Answer to Second Amended Complaint | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 10/9/2018 | DAC | 36 | Reviewed Equifax Information Services LLC's Answer to Second Amended Complaint | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 10/9/2018 | DAC | 37 | Reviewed Motion to Dismiss for Failure to State a Claim by CitiBank NA. continued editing motion for sanctions | 3.9 | 2.0 | $ 500.00 | $ 1,950.00 | $ 975.00 | Excessive and vague; 50% reduction |
| 10/9/2018 | DAC | 38 | Reviewed Citibank NA's Answer to Second Amended Complaint | 0.7 | 0.7 | $ 500.00 | $ 350.00 | $ 350.00 | |
| 10/10/2018 | DAC | 39 | Reviewed deficiency notice | 0.1 | 0.1 | $ 500.00 | $ 50.00 | $ 50.00 | |
| 10/10/2018 | DAC | 40 | Reviewed Experian Information Solutions, Inc.'s supplemental MIDP responses | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 10/12/2018 | DAC | 41 | Attended Joint Status Conference (Telephonic) | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |
| 10/12/2018 | DAC | 42 | Reviewed Rule 16 Scheduling Order | 0.5 | 0.3 | $ 500.00 | $ 250.00 | $ 125.00 | Excessive and vague; 50% reduction |
| 10/19/2018 | DAC | | Researched citied authority in Citi's motion to dismiss. Found substantial contrary authority and began drafting legal arguments | 5.1 | 5.1 | $ 500.00 | $ 2,550.00 | $ 2550.00 | |
| 10/20/2018 | DAC | | Began drafting opposition to MTD and incorporating authority. Consulted NCLC manual and read similar decisions from other jurisdictions | 4 | 2.0 | $ 500.00 | $ 2,000.00 | $ 1000.00 | "Began drafting" is ambiguous, duplicative with prior entry, and vague; 50% reduction. |
| 10/22/2018 | DAC | 43 | Drafted and finalized Response in Opposition to Citibank NA's Motion to Dismiss - includes reviewing cited authority and performing research into cases supporting Plaintiff's position (both state and federal authority) | 6 | 6.0 | $ 500.00 | $ 3,000.00 | $ 3000.00 | |
| 10/29/2018 | DAC | 44 | Reviewed corporate disclosure by CitiBank NA. | 0.4 | 0.1 | $ 500.00 | $ 200.00 | $ 50.00 | Excessive and vague; reduced to nominal time. |
| 10/30/2018 | DAC | 45 | Reviewed minute order dismissing Trans Union LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 10/30/2018 | DAC | 46 | Reviewed Reply to Opposition to Citibank NA's Motion to Dismiss. Read cases cited to prepare for oral argument | 4.5 | 1.0 | $ 500.00 | $ 2,250.00 | $ 500.00 | Excessive and vague; no oral argument was set. |
| 12/12/2018 | DAC | 47 | Drafted stipulation of dismissal as to Trans Union, LLC and Experian Information Solutions, Inc. | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 12/17/2018 | DAC | 48 | Reviewed Order granting stipulation of dismissal | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 12/18/2018 | DAC | 49 | Reviewed and responded to discovery requests served by Equifax Information Services LLC. | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 12/18/2018 | DAC | 50 | Reviewed Citibank NA's responses to MIDP | 2.7 | 1.4 | $ 500.00 | $ 1,350.00 | $ 675.00 | Excessive and vague; 50% reduction |
| 12/20/2018 | DAC | | Reviewed documents produced by Citi -bates labled citi0001-00175 | 4.1 | 4.1 | $ 500.00 | $ 2,050.00 | $ 2050.00 | |
| 1/2/2019 | DAC | 51 | Reviewed notice of appearance of attorney on behalf of Equifax Information Services LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 1/7/2019 | DAC | 52 | Initial review of ROG responses from Citibank NA - began noting deficiencies for meet and confer letter | 4.2 | 4.2 | $ 500.00 | $ 2,100.00 | $ 2100.00 | |
| 1/8/2019 | DAC | | Performed review of RFP responses from Citi. Began noting deficiencies for meet and confer letter | 3.3 | 3.3 | $ 500.00 | $ 1,650.00 | $ 1650.00 | |
| 1/8/2019 | DAC | | Performed review of RFA responses from Citi. Began noting deficiencies for meet and confer letter | 2 | 2.0 | $ 500.00 | $ 1,000.00 | $ 1000.00 | |
| 1/9/2019 | DAC | | Completed ROG responses with client | 4.8 | 4.8 | $ 500.00 | $ 2,400.00 | $ 2400.00 | |
| 1/10/2019 | DAC | | Completed RFP responses and instructed client to provide any additional docs not yet produced | 2.5 | 2.5 | $ 500.00 | $ 1,250.00 | $ 1250.00 | |
| 1/10/2019 | DAC | | Completed RFA responses with Client | 1.7 | 1.7 | $ 500.00 | $ 850.00 | $ 850.00 | |
| 1/16/2019 | DAC | 53 | prepared meet and confer notes for all deficient responses as well as researched appropriate case law to discuss with OC | 2.6 | 2.6 | $ 500.00 | $ 1,300.00 | $ 1300.00 | |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 1/18/2019 | DAC | 54 | Reviewed and added appropriate objections to Discovery requests from CitiBank NA. worked with client to finalize some Rog responses before serving | 3 | 3.0 | $ 500.00 | $ 1,500.00 | $ 1500.00 | |
| 1/21/2019 | DAC | 55 | Drafted Notice of Settlement as to Equifax Information Services, LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 1/22/2019 | DAC | 56 | Reviwed order regarding settlement as to Equifax Information Services, LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 1/23/2019 | DAC | | Reviewed documents produced by Citi -bates labled citi00176-909 (received on 1-21-19) | 6.4 | 6.4 | $ 500.00 | $ 3,200.00 | $ 3200.00 | |
| 2/1/2019 | DAC | 57 | Drafted Motion to Continue Good Faith Settlement Talks deadline and for Clarification of the Court's Scheduling Order | 2 | 0.5 | $ 500.00 | $ 1,000.00 | $ 250.00 | Excessive and vague. |
| 2/4/2019 | DAC | 58 | Drafted Response to Motion to Continue Good Faith Settlement Talks deadline filed by CitiBank NA. | 1.4 | 0.5 | $ 500.00 | $ 700.00 | $ 250.00 | Excessive and vague. |
| 2/8/2019 | DAC | 59 | Reviewed Order denying Motion to Continue Good Faith Settlement Talks and clarifying the Court's Scheduling Order | 0.6 | 0.1 | $ 500.00 | $ 300.00 | $ 50.00 | Excessive (minute order); reduced to nominal time. |
| 2/8/2019 | DAC | 60 | Drafted/reviewed joint notice of unsuccessful settlement discussions and need for discovery (Citibank NA) | 0.8 | 0.4 | $ 500.00 | $ 400.00 | $ 200.00 | Excessive (1 paragraph notice); 50% reduction |
| 2/12/2019 | DAC | 61 | Drafted Motion to amend complaint and amended complaint | 3.3 | 0.7 | $ 500.00 | $ 1,650.00 | $ 350.00 | Excessive and vague. |
| 2/15/2019 | DAC | 62 | Drafted stipulation to dismiss Equifax Information Services LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 2/18/2019 | DAC | | Email communication with client regarding discovery responses to Citi and scheudling call to discuss | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |
| 2/19/2019 | DAC | | Met with client to discuss ROGS and RFP requests in detail | 3 | 3.0 | $ 500.00 | $ 1,500.00 | $ 1500.00 | |
| 2/21/2019 | DAC | 63 | Reviewed Order granting dismissal of Equifax Information Services LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 2/28/2019 | DAC | 64 | Reviewed sitpulation for Substitution of Parties by CitiBank NA. | 0.8 | 0.1 | $ 500.00 | $ 400.00 | $ 50.00 | Excessive (one paragraph stipulation) and vague; reduced to nominal time. |
| 3/1/2019 | DAC | 65 | Reviewed order denying substitution of parties and ordering an amended complaint to name proper defendants and denying plaintiff's motion to amend as moot | 0.5 | 0.1 | $ 500.00 | $ 250.00 | $ 50.00 | Excessive and vague; reduced to nominal time. |
| 3/1/2019 | DAC | 66 | Drafted notice of service of discovery responses to Citibank NA | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |
| 3/1/2019 | DAC | 67 | Drafted supplemental discovery responses to Citibank NA & notice of serving same - worked with client and staff to complete | 3 | 3.0 | $ 500.00 | $ 1,500.00 | $ 1500.00 | |
| 3/1/2019 | DAC | 68 | Drafted Third Amended Complaint | 1.3 | 1.3 | $ 500.00 | $ 650.00 | $ 650.00 | |
| 3/5/2019 | DAC | 69 | Reviewed notice of waiver of electronic serviceby TransUnion LLC. | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 3/5/2019 | DAC | 70 | Drafted/reviewed stipulation to dismiss Citibank, NA. and name CitiMortgage | 0.6 | 0.3 | $ 500.00 | $ 300.00 | $ 150.00 | Excessive and vague; 50% reduction |
| 3/6/2019 | DAC | 71 | Reviewed order granting dismissal of Citibank, NA. | 0.1 | 0.0 | $ 500.00 | $ 50.00 | $ 0.00 | Excessive. |
| 3/12/2019 | DAC | 72 | Reviewed order dismissing Equifax Information Services LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 3/18/2019 | DAC | 73 | Reviewed motion to dismiss by CitiMortgage, Inc. | 2 | 1.0 | $ 500.00 | $ 1,000.00 | $ 500.00 | Excessive and vague; 50% reduction |
| 3/20/2019 | DAC | 74 | Reviewed notice of withdrawal of counsel for Equifax Information Services LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 3/20/2019 | DAC | 75 | Reviewed order on motion to withdraw as counsel for Equifax Information Services, LLC | 0.1 | 0.1 | $0 (Legal Work Unrelated To Citi) | $ - | $ 0.00 | |
| 3/21/2019 | DAC | 76 | Drafted notice of Deposition of Defendant CitiMortgage, Inc. | 0.5 | 0.5 | $ 500.00 | $ 250.00 | $ 250.00 | |
| 3/21/2019 | DAC | 77 | Drafted initial discovery requests to CitiMortgage, Inc. | 2.1 | 2.1 | $ 500.00 | $ 1,050.00 | $ 1050.00 | |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 3/28/2019 | DAC | 78 | Drafted Response in Opposition to Motion to Dismiss for Failure to State a Claim filed by CitiMortgage, Inc. - looked at case law again before filing | 2.2 | 2.2 | $ 500.00 | $ 1,100.00 | $ 1100.00 | |
| 4/2/2019 | DAC | 79 | Reviewed Reply to Response to Motion to dismiss | 3 | 1.0 | $ 500.00 | $ 1,500.00 | $ 500.00 | Excessive and vague. |
| 4/2/2019 | DAC | 80 | Drafted responses to CitiMortgage Incorporated's first set of requests for production of documents | 2.5 | 2.5 | $ 500.00 | $ 1,250.00 | $ 1250.00 | |
| 4/5/2019 | DAC | | Communication with Marshall regarding deployment for Army training and the effect of the same on the case | 0.5 | 0.5 | $ 500.00 | $ 250.00 | $ 250.00 | |
| 4/8/2019 | DAC | | Email communication with Marshall regarding document production | 0.5 | 0.3 | $ 500.00 | $ 250.00 | $ 125.00 | Vague; 50% reduction. |
| 4/9/2019 | DAC | | Email communication with Marshall regarding document production | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Vague; 50% reduction. |
| 4/16/2019 | DAC | 81 | Drafted/reviewed statement of Discovery Dispute | 2.7 | 1.4 | $ 500.00 | $ 1,350.00 | $ 675.00 | Excessive and vague; 50% reduction. |
| 4/19/2019 | DAC | | Began preparation for 30(b)(6) depo of Citi. Reviewed docs and created base outline | 4.4 | 4.4 | $ 500.00 | $ 2,200.00 | $ 2200.00 | |
| 4/20/2019 | DAC | | Reviewed hundreds of pages of documents including detailed review of Citi's account notes over 5+ years for deposition | 5.4 | 5.4 | $ 500.00 | $ 2,700.00 | $ 2700.00 | |
| 4/25/2019 | DAC | 82 | Reviewed Order re: Joint Statement of Discovery Dispute denying Citi's request to quash notice of deposition | 0.8 | 0.1 | $ 500.00 | $ 400.00 | $ 50.00 | Excessive and vague; reduced to nominal time. |
| 4/25/2019 | DAC | 83 | Drafted First Amended Notice of Deposition of Defendant CitiMortgage, Inc. | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive; 50% reduction |
| 4/26/2019 | DAC | | Recievd notice of non-appearance of Citi at scheduled 30(b)(6) depo | 0.7 | 0.0 | $ 500.00 | $ 350.00 | $ 0.00 | "Received" is ambiguous and takes no time. |
| 4/26/2019 | DAC | 84 | Reviewed Motion for Extension of Time to Respond to Plaintiff's discovery requests by CitiMortgage Incorporated. | 0.5 | 0.3 | $ 500.00 | $ 250.00 | $ 125.00 | Excessive and vague; 50% reduction |
| 5/7/2019 | DAC | 85 | Drafted response in opposition to motion for Extension of Time | 2.3 | 1.0 | $ 500.00 | $ 1,150.00 | $ 500.00 | Excessive |
| 5/8/2019 | DAC | 86 | Reviewed order denying as moot Citi's Motion for Extension of Time and requiring Citi to submit the discovery dispute as a joint statement in accordance with the rules. | 1.8 | 0.1 | $ 500.00 | $ 900.00 | $ 50.00 | Excessive; reduced to nominal time. |
| 5/17/2019 | DAC | 87 | Reviewed motion for extension of time to complete party depositions by CitiMortgage Incorporated | 0.5 | 0.3 | $ 500.00 | $ 250.00 | $ 125.00 | Excessive and vague; 50% reduction |
| 5/17/2019 | DAC | | Email communication with client regarding discovery responses to Citi's requests | 0.6 | 0.6 | $ 500.00 | $ 300.00 | $ 300.00 | |
| 5/20/2019 | DAC | | Email communication with client regarding credit denials and document production | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |
| 5/20/2019 | DAC | 88 | Reviewed Order granting Defendant CitiMortgage, Inc.'s Motion for extension | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive and vague; 50% reduction |
| 5/29/2019 | DAC | 89 | Drafted/reviewed joint statement of discovery dispute | 1.4 | 0.7 | $ 500.00 | $ 700.00 | $ 350.00 | Excessive and vague; 50% reduction |
| 5/31/2019 | DAC | | Email communication with client regarding case status and setting up meeting | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive and vague; 50% reduction |
| 6/3/2019 | DAC | 90 | Reviewed Minute Order reseting interim status conference | 0.1 | 0.0 | $ 500.00 | $ 50.00 | $ 0.00 | Excessive. |
| 6/4/2019 | DAC | | Email communication with client regarding ACR credit report pull | 0.1 | 0.1 | $ 500.00 | $ 50.00 | $ 50.00 | |
| 6/5/2019 | DAC | 91 | Reviewed notice of Deposition of Marshall Gross, filed by CitiMortgage Incorporated | 0.4 | 0.0 | $ 500.00 | $ 200.00 | $ 0.00 | Excessive. |
| 6/5/2019 | DAC | 92 | Drafted Second Amended Notice of Deposition of Defendant CitiMortgage, Inc. | 1 | 0.5 | $ 500.00 | $ 500.00 | $ 250.00 | Excessive; 50% reduction |
| 6/6/2019 | DAC | 93 | Reviewed Amended Notice of Deposition Gross, filed by CitiMortgage Incorporated | 0.5 | 0.3 | $ 500.00 | $ 250.00 | $ 125.00 | Excessive; 50% reduction |
| 6/7/2019 | DAC | 94 | Reviewed order denying CitiMortgage's Motion to Dismiss the Third Amended Complaint, denying pending joint statement of discovery dispute as moot, and ordering that parties meet and confer regarding ongoing discovery dispute | 2 | 0.5 | $ 500.00 | $ 1,000.00 | $ 250.00 | Excessive |
| 6/12/2019 | DAC | 95 | Drafted Notice of Appearance by Beth Findsen | 0.1 | 0.1 | $ 500.00 | $ 50.00 | $ 50.00 | |
| 6/13/2019 | DAC | 96 | Reviewed Second Amended Notice of Deposition of Marshall Gross, filed by CitiMortgage Incorporated. | 0.4 | 0.0 | $ 500.00 | $ 200.00 | $ 0.00 | Excessive. |
| 6/13/2019 | DAC | | Prepared draft protective order received version from Defendant and reviewed. | 2.4 | 1.2 | $ 500.00 | $ 1,200.00 | $ 600.00 | Excessive and vague; 50% reduction |
| 6/14/2019 | DAC | 97 | Reviewed/edited stipulated motion for protective order, filed by CitiMortgage Incorporated | 0.6 | 0.6 | $ 500.00 | $ 300.00 | $ 300.00 | |
| 6/16/2019 | DAC | | Revised outline for Deposition of Citi corp rep | 3.2 | 1.6 | $ 500.00 | $ 1,600.00 | $ 800.00 | Vague; 50% reduction. |
| 6/17/2019 | DAC | 98 | Drafted Motion for Extension of Time to Complete Discovery | 0.5 | 0.2 | $ 500.00 | $ 250.00 | $ 100.00 | Excessive |
| 6/17/2019 | DAC | 99 | Drafted statement of discovery dispute | 1.9 | 1.0 | $ 500.00 | $ 950.00 | $ 475.00 | Excessive; 50% reduction |
| 6/18/2019 | DAC | 100 | Reviewed order granting Motion for Extension of Time to Complete Discovery | 0.1 | 0.0 | $ 500.00 | $ 50.00 | $ 0.00 | Excessive. |
| 6/18/2019 | DAC | | Reviewed documents for deposition of CitiMortgage - 30(b)(6) | 6.7 | 3.4 | $ 500.00 | $ 3,350.00 | $ 1675.00 | Vague; 50% reduction. |
| 6/19/2019 | DAC | 101 | Reviewed entered protective order | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive and vague; 50% reduction |
| 6/19/2019 | DAC | | Prepared for and conducted 30(b)(6) depo of Citi | 7.6 | 7.6 | $ 500.00 | $ 3,800.00 | $ 3800.00 | |
| 6/19/2019 | DAC | | Email communication with client regarding mortgage statement for new home | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive; 50% reduction |
| 6/19/2019 | DAC | | Email communication with client regarding closing documents for new home showing increased interest rate | 0.5 | 0.3 | $ 500.00 | $ 250.00 | $ 125.00 | Excessive; 50% reduction |
| 6/19/2019 | DAC | 102 | Reviewed order requiring party briefing on discovery dispute | 0.7 | 0.2 | $ 500.00 | $ 350.00 | $ 100.00 | Excessive and vague; reduced to nominal time. |
| 6/20/2019 | DAC | | Prepared client for his upcoming deposition later that day | 2.2 | 2.2 | $ 500.00 | $ 1,100.00 | $ 1100.00 | |
| 6/20/2019 | BETH F. | | Defended deposition of Marshall Gross | 4.3 | 4.3 | $ 500.00 | $ 2,150.00 | $ 2150.00 | |
| 6/21/2019 | DAC | | Email communication with opposing counsel regarding discovery dispute | 0.7 | 0.4 | $ 500.00 | $ 350.00 | $ 175.00 | Excessive and vague; 50% reduction |
| 6/21/2019 | DAC | 103 | Drafted responses to CitiMortgage, Inc.;s first requests for production of documents and notice regarding same | 5.3 | 5.3 | $ 500.00 | $ 2,650.00 | $ 2650.00 | |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 6/21/2019 | DAC | 104 | Drafted supplemental MIDP responses and notice regarding same | 2.4 | 2.4 | $ 500.00 | $ 1,200.00 | $ 1200.00 | |
| 6/25/2019 | DAC | 105 | Drafted court-ordered brief regarding parties' discovery dispute | 4.5 | 2.0 | $ 500.00 | $ 2,250.00 | $ 1000.00 | Excessive. |
| 6/28/2019 | DAC | 106 | Reviewed CitiMortgage Inc's response to Plaintiff's brief regarding parties' discovery dispute | 2 | 1.0 | $ 500.00 | $ 1,000.00 | $ 500.00 | Excessive; 50% reduction |
| 7/1/2019 | DAC | | Consulted with Expert regarding facts of the case. Reviewed documents and discussed general report criteria | 2.2 | 2.2 | $ 500.00 | $ 1,100.00 | $ 1100.00 | |
| 7/5/2019 | DAC | 107 | Drafted supplemental MIDP responses and notice regarding same | 1.4 | 1.4 | $ 500.00 | $ 700.00 | $ 700.00 | |
| 7/9/2019 | DAC | | Reviewed documents produced by Citi - ACDV and AUD procedures manuals | 2.9 | 2.9 | $ 500.00 | $ 1,450.00 | $ 1450.00 | |
| 7/10/2019 | DAC | | Email communication with OC regarding joint statement of discovery dispute | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive and vague; 50% reduction |
| 7/10/2019 | DAC | | Further email communication with OC regarding joint statement of discovery dispute | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive and vague; 50% reduction |
| 7/11/2019 | DAC | | Email regarding discovery disptue with OC | 0.5 | 0.3 | $ 500.00 | $ 250.00 | $ 125.00 | Excessive and vague; 50% reduction |
| 7/11/2019 | DAC | 108 | Drafted/reviewed statement of Discovery Dispute filed by Defendant CitiMortgage Incorporated | 1.4 | 1.4 | $ 500.00 | $ 700.00 | $ 700.00 | |
| 7/11/2019 | DAC | | Email regarding discovery disptue with OC | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive and vague; 50% reduction |
| 7/19/2019 | DAC | 109 | Reviewed order granting in part and denying in part plaintiff's discovery disputeeteuteputesputeisputeisputedispute disputey disputery disputery disputery disputevery disputevery requests and ordering a meet and confer regarding reasonable fees for counsel's attempts to schedule 30(b)(6) depositions and a meet and confer regarding Citimortgage's production of documents and a meet and confer regarding the extension of any discovery deadlines | 0.8 | 0.4 | $ 500.00 | $ 400.00 | $ 200.00 | Excessive and vague; 50% reduction |
| 7/22/2019 | DAC | | Reviewed preliminary expert report. Provided comments to expert regarding need for additional analysis | 3.7 | 3.7 | $ 500.00 | $ 1,850.00 | $ 1850.00 | |
| 7/24/2019 | DAC | | Email exchanges with OC regarding meet and confer following order on motion to compel discovery | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive and vague; 50% reduction |
| 7/24/2019 | DAC | | Researched caselaw on discovery issues and possible motion for sanctions | 2.7 | 2.7 | $ 500.00 | $ 1,350.00 | $ 1350.00 | |
| 7/28/2019 | DAC | | Thoroughly reviewed expert report for completeness and punctuation | 2.3 | 2.3 | $ 500.00 | $ 1,150.00 | $ 1150.00 | |
| 7/29/2019 | DAC | 110 | Drafted Rule 26(a)(2) Expert Disclosure and notice regarding the same | 0.7 | 0.1 | $ 500.00 | $ 350.00 | $ 50.00 | Excessive and vague; reduced to nominal time. |
| 7/29/2019 | DAC | | Communication with OC re: expert disclosure including providing a copy of the report | 0.5 | 0.3 | $ 500.00 | $ 250.00 | $ 125.00 | Excessive and vague; 50% reduction |
| 7/30/2019 | DAC | | Email exchange with OC regarding rebuttal report extension | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive and vague; 50% reduction |
| 7/31/2019 | DAC | 111 | Drafted supplemental MIDP responses and notice regarding same | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |
| 7/31/2019 | DAC | | Received and reviewed $7,500 settlement offer which was intended to include all of Plaintiff's fees and costs to date - discussed with client and rejected | 0.7 | 0.0 | $ 500.00 | $ 350.00 | $ 0.00 | Duplicative of next entry, or not enough detail to distinguish tasks. Awarded larger of two entries. |
| 7/31/2019 | DAC | | Phone call with Marshall (on military assignment but had a break and was able to call and discuss case). Discussed current status of case and upcoming discovery. Discussed Citi's $7,500, which had been submitted after substantial discovery including depositions and expert costs, and thus would have been insufficient to cover the costs of the case. Coordinated receipt of all mortgage docs for further disclosure and evidence of additional damages | 2.4 | 2.4 | $ 500.00 | $ 1,200.00 | $ 1200.00 | |
| 8/1/-8/5/2019 | DAC | | Multiple emails re: settlement and ongoing discovery ext. | 1 | 0.0 | $ 500.00 | $ 500.00 | $ 0.00 | Excessive and too vague to assess reasonableness. |
| 8/6/2019 | DAC | | Received and reviewed subpoena from OC to Starboard mortgage discussed with client | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | "Received" is ambiguous and takes no time; 50% reduction to account for "review." |
| 8/7/2019 | DAC | 112 | Reviewed unilateral statement of Discovery Dispute filed by Defendant CitiMortgage Incorporated | 0.7 | 0.2 | $ 500.00 | $ 350.00 | $ 100.00 | Excessive; reduced to nominal time. |
| 8/8/2019 | DAC | 113 | Drafted response to unilateral statement of Discovery Dispute filed by Defendant CitiMortgage Incorporated | 1.5 | 0.2 | $ 500.00 | $ 750.00 | $ 100.00 | Excessive; reduced to nominal time. |
| 8/12/2019 | DAC | | Received expert disclosure from OC | 1.7 | 0.0 | $ 500.00 | $ 850.00 | $ 0.00 | "Received" is ambiguous and takes no time. To the extent this entry covers review, review is duplicative with next entry. |
| 8/13/2019 | DAC | | reviewed Def. Expert disclosure and discussed w/our expert | 2.5 | 2.5 | $ 500.00 | $ 1,250.00 | $ 1250.00 | |
| 8/19/2019 | DAC | 114 | Reviewed order granting extension of deadlines and resetting Rule 16 Status conference | 0.6 | 0.0 | $ 500.00 | $ 300.00 | $ 0.00 | Excessive. |
| 9/4/2019 | DAC | | Received email from OC with Starboard responsive docs. Reviewed the file - 431 pages | 4.4 | 2.2 | $ 500.00 | $ 2,200.00 | $ 1100.00 | "Received" is ambiguous and takes no time; 50% reduction to account for "review." |
| 9/5/2019 | DAC | 115 | Drafted motion for attorneys' fees | 4.7 | 2.4 | $ 500.00 | $ 2,350.00 | $ 1175.00 | Excessive and vague; 50% reduction |
| 9/19/2019 | DAC | 116 | Reviewed response to motion for attorneys' fees including legal research | 2.3 | 1.2 | $ 500.00 | $ 1,150.00 | $ 575.00 | Excessive and vague; 50% reduction |
| 9/20/2019 | DAC | | Email with co-counsel regarding OC declaration in discovery fee motion | 0.4 | 0.2 | $ 500.00 | $ 200.00 | $ 100.00 | Excessive and vague; 50% reduction |
| 9/25/2019 | DAC | | Discussion with co-counsel regarding reply to discovery fee mtn | 0.5 | 0.5 | $ 500.00 | $ 250.00 | $ 250.00 | |
| 9/26/2019 | DAC | 117 | Drafted reply to response to motion for attorneys' fees | 3 | 3.0 | $ 500.00 | $ 1,500.00 | $ 1500.00 | |
| 9/30/2019 | DAC | | Received and review Defendant's expert rebuttal report | 3.2 | 1.6 | $ 500.00 | $ 1,600.00 | $ 800.00 | "Received" is ambiguous and takes no time. Reduced by 50% to account for review. |
| 10/23-24/2019 | DAC | | Discussion with OC regarding dates for expert depos | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |
| 10/28/2019 | DAC | | Emails with OC regarding expert fee/payment for depo time | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 10/29/2019 | DAC | 118 | Reviewed Notice of Deposition of Plaintiff's Expert | 0.1 | 0.0 | $ 500.00 | $ 50.00 | $ 0.00 | Excessive |
| 10/30/2019 | DAC | | Received exhibit from OC (expert report). Reviewed report in preparation for depo of Evan Hendricks and discussed upcoming depo with Expert | 3.2 | 1.6 | $ 500.00 | $ 1,600.00 | $ 800.00 | "Received" is ambiguous and takes no time. Review of expert report seems duplicative with prior entries; 50% reduction. |
| 10/31/2019 | DAC | | Defended Deposition of Evan Hendricks | 2.7 | 2.7 | $ 500.00 | $ 1,350.00 | $ 1350.00 | |
| 11/5/2019 | DAC | 119 | Drafted/reviewed joint status report | 0.5 | 0.5 | $ 500.00 | $ 250.00 | $ 250.00 | |
| 11/5/2019 | DAC | | Email/call regarding joint status report due to the court | 0.5 | 0.3 | $ 500.00 | $ 250.00 | $ 125.00 | Excessive and vague; 50% reduction |
| 11/5/2019 | DAC | | emailed added portions to the Joint Status report | 0.4 | 0.0 | $ 500.00 | $ 200.00 | $ 0.00 | Excessive and too vague to assess reasonableness. |
| 11/12/2019 | BETH F. | | Prepared for and appeared at District Court for status conference | 2.1 | 2.1 | $ 500.00 | $ 1,050.00 | $ 1050.00 | |
| 11/12/2019 | DAC | 120 | Reviewed minute entry for status conference continuing deadlines. (Beth Findsen appearing for Plaintiff) | 0.1 | 0.0 | $ 500.00 | $ 50.00 | $ 0.00 | Excessive. |
| 11/13/2019 | DAC | 121 | Reviewed order awarding Plaintiff Attorneys' Fees. | 0.8 | 0.2 | $ 500.00 | $ 400.00 | $ 100.00 | Excessive; reduced to nominal time. |
| 12/1/2019 | DAC | | Started drafting MSJ. Statement of facts and reviewing exhibits for use in MSJ | 5.9 | 3.0 | $ 500.00 | $ 2,950.00 | $ 1475.00 | Excessive and vague; 50% reduction |
| 12/2/2019 | BETH F. | | Reviewed initial draft of partial MSJ. Provided feedback and edits | 3 | 3.0 | $ 500.00 | $ 1,500.00 | $ 1500.00 | |
| 12/3/2019 | DAC | | Reviewed comments/edits by Beth. Continued work on motion | 3.1 | 1.6 | $ 500.00 | $ 1,550.00 | $ 775.00 | Excessive and vague; 50% reduction |
| 12/6/2019 | DAC | | internal emails regarding Plaintiff's patial MSJ | 0.6 | 0.3 | $ 500.00 | $ 300.00 | $ 150.00 | Excessive and vague; 50% reduction |
| 12/7/2019 | DAC | | more internal communication with drafts of MSJ | 0.5 | 0.3 | $ 500.00 | $ 250.00 | $ 125.00 | Excessive and vague; 50% reduction |
| 12/7/2019 | BETH F. | | Reviewed draft and provided feedback | 1.7 | 1.7 | $ 500.00 | $ 850.00 | $ 850.00 | |
| 12/8/2020 | DAC | | Working on for summary judgment - reviewed additional authority | 2.7 | 1.4 | $ 500.00 | $ 1,350.00 | $ 675.00 | Excessive and vague; 50% reduction |
| 12/11/2019 | DAC | | additional emails with continued drafts of MSJ for Plaintiff | 0.5 | 0.0 | $ 500.00 | $ 250.00 | $ 0.00 | Too vague to assess reasonableness. |
| 12/13/2019 | DAC | | Finalized MSJ for filing. Final formatting and edits for style/grammer | 2.2 | 2.2 | $ 500.00 | $ 1,100.00 | $ 1100.00 | |
| 12/16/2019 | DAC | 122 | Reviewed motion for summary judgment by CitiMortgage Incorporated - analyzed cited authority | 5 | 2.5 | $ 500.00 | $ 2,500.00 | $ 1250.00 | Excessive and vague; 50% reduction |
| 12/16/2019 | DAC | 123 | Reviewed statement of facts filed in support of motion for summary judgment by Defendant CitiMortgage Incorporated | 1.9 | 1.0 | $ 500.00 | $ 950.00 | $ 475.00 | Excessive and vague; 50% reduction |
| 12/16/2019 | DAC | 124 | Reviewed declaration of Counsel in Support of Motion for Summary Judgment by Defendant CitiMortgage Incorporated | 0.5 | 0.5 | $ 500.00 | $ 250.00 | $ 250.00 | |
| 12/16/2019 | DAC | 125 | Pulled and organized documents for finalized MSJ, sent to staff for filing | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |
| 12/16/2019 | DAC | 126 | Pulled and organized documents for finalized statement of facts in support of motion for partial summary judgment, sent to staff for filing | 0.4 | 0.4 | $ 500.00 | $ 200.00 | $ 200.00 | |
| 12/16/2019 | DAC | | Email communication regarding exhibits for MSJ to confirm proper exhibits includes review of exhibits | 1.4 | 0.7 | $ 500.00 | $ 700.00 | $ 350.00 | Excessive and vague; 50% reduction |
| 12/16/2019 | DAC | | Conducted additional research regarding MSJ Supplemental Statement of Facts, emailed co-counsel regarding same | 0.7 | 0.4 | $ 500.00 | $ 350.00 | $ 175.00 | Excessive and vague; 50% reduction |
| 12/16/2019 | DAC | | Recevied and reviewed email communication with Citi's MSJ | 0.5 | 0.0 | $ 500.00 | $ 250.00 | $ 0.00 | "Received" is ambiguous and takes no time. The rest is excessive and too vague to assess reasonableness. |
| 12/19/2019 | DAC | | Continued review of authority cited to and relied on by Citi in support of MSJ. Read cases and researched for any negative treatment. | 4.4 | 2.2 | $ 500.00 | $ 2,200.00 | $ 1100.00 | Excessive and vague; 50% reduction |
| 12/24/2019 | DAC | | prepared skeleton outline for opposition for order of arguments only | 1.3 | 1.3 | $ 500.00 | $ 650.00 | $ 650.00 | |
| 12/27/2019 | BETH F. | | Discussion with David regarding Citi's MSJ and reply arguments | 1 | 1.0 | $ 500.00 | $ 500.00 | $ 500.00 | |
| 12/27/2019 | DAC | | Discussion with Beth regarding cases cited by Citi and areas of attack | 1 | 1.0 | $ 500.00 | $ 500.00 | $ 500.00 | |
| 1/5/2020 | DAC | | Began substantive work on opposition to MSJ. Reviewed documents and testimony cited by Def. | 6 | 3.0 | $ 550.00 | $ 3,300.00 | $ 1650.00 | Excessive and vague; 50% reduction |
| 1/8/2020 | DAC | | Continued to work on oppositoin to MSJ. Reviewed depo transcripts and expert reports. Continued to form opp. arguments | 5.5 | 2.8 | $ 550.00 | $ 3,025.00 | $ 1512.50 | Excessive and vague; 50% reduction |
| 1/14/2020 | DAC | | Completed opposition to MSJ. Made additional organization of argument modifications to brief and rewrote sections for better flow | 5 | 2.5 | $ 550.00 | $ 2,750.00 | $ 1375.00 | Excessive and vague; 50% reduction |
| 1/15/2020 | DAC | 127 | Pulled and organized document for finalized MSJ opposition, sent to staff for filing | 0.4 | 0.4 | $ 550.00 | $ 220.00 | $ 220.00 | |
| 1/15/2020 | DAC | 128 | Initial Review of response to motion for partial summary judgment filed by CitiMortgage Incorporated | 1.4 | 1.4 | $ 550.00 | $ 770.00 | $ 770.00 | |
| 1/15/2020 | DAC | 129 | Initial review of statement of facts filed in support of motion response to motion for partial summary judgment filed by CitiMortgage Incorporated | 1 | 1.0 | $ 550.00 | $ 550.00 | $ 550.00 | |
| 1/15/2020 | DAC | | Discussion with Beth regarding SSOF and whether to re-file it | 0.5 | 0.5 | $ 550.00 | $ 275.00 | $ 275.00 | |
| 1/15/2020 | BETH F. | | Discussion with David regarding SSOF | 0.5 | 0.5 | $ 525.00 | $ 262.50 | $ 262.50 | |
| 1/22/2020 | DAC | | Began research on cases relied on by Citi in opp to Plaintiff's MSJ | 3.4 | 1.7 | $ 550.00 | $ 1,870.00 | $ 935.00 | Excessive and vague; 50% reduction |
| 1/23/2020 | DAC | | Started initial draft of Reply brief | 2.7 | 1.4 | $ 550.00 | $ 1,485.00 | $ 742.50 | Excessive and vague; 50% reduction |
| 1/24/2020 | BETH F. | | Reviewed initial draft of Reply to Citi's opp. Provided track changes and comments to DAC | 2 | 2.0 | $ 525.00 | $ 1,050.00 | $ 1050.00 | |
| 1/25/2020 | DAC | | Continued work on Reply brief. Incorporated some of Beth's comments. Performed additional research on cited authority | 4.3 | 2.2 | $ 550.00 | $ 2,365.00 | $ 1182.50 | Excessive and vague; 50% reduction |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 1/26/2020 | BETH F. | | Reviewed Reply by DAC. Provided substantive edits to put into final form for filing and final review by DAC | 3 | 3.0 | $ 525.00 | $ 1,575.00 | $ 1575.00 | |
| 1/28/2020 | DAC | | Prepared controverting statement of facts | 2.2 | 2.2 | $ 550.00 | $ 1,210.00 | $ 1210.00 | |
| 1/29/2020 | DAC | | Made final edits of Reply and controverting statement of fact, final read through of both | 1.5 | 1.5 | $ 550.00 | $ 825.00 | $ 825.00 | |
| 1/30/2020 | DAC | 130 | Pulled and organized documents for finalized reply to response to motion for partial summary judgment, sent to staff for filing | 0.4 | 0.4 | $ 550.00 | $ 220.00 | $ 220.00 | |
| 1/30/2020 | DAC | 131 | Pulled and organized documents for finalized controverting statement of facts in support of reply to response to motion for partial summary judgment, sent to staff for filing | 0.4 | 0.4 | $ 550.00 | $ 220.00 | $ 220.00 | |
| 1/30/2020 | DAC | 132 | Reviewed reply to response to motion for summary judgment filed by CitiMortgage Incorporated | 2.7 | 1.4 | $ 550.00 | $ 1,485.00 | $ 742.50 | Excessive and vague; 50% reduction |
| 2/3/2020 | DAC | 133 | Reviewed motion to strike Statement of Facts by CitiMortgage Incorporated | 1.2 | 0.6 | $ 550.00 | $ 660.00 | $ 330.00 | Excessive and vague; 50% reduction |
| 2/10/2020 | DAC | 134 | Drafted response to motion to strike Statement of Facts | 2.5 | 2.5 | $ 550.00 | $ 1,375.00 | $ 1375.00 | |
| 2/18/2020 | DAC | | Emails with OC regarding payment of sanction | 0.1 | 0.1 | $ 550.00 | $ 55.00 | $ 55.00 | |
| 2/23/2020 | DAC | | Internal emails regarding trial prep. MIL discussion and preparation of pretrial documents | 0.5 | 0.5 | $ 550.00 | $ 275.00 | $ 275.00 | |
| 2/23/2020 | DAC | | Received and reviewed email with court's instructions re: pretrial docs. | 0.4 | 0.0 | $ 550.00 | $ 220.00 | $ 0.00 | "Received" is ambiguous and takes no time. The rest is excessive and too vague to assess reasonableness. |
| 3/2/2020 | DAC | | Internal emails regarding court's instructions and the need for meet and confer with OC | 0.4 | 0.4 | $ 550.00 | $ 220.00 | $ 220.00 | |
| 3/2/2020 | DAC | | Reviewed courts order allowing 30 days following ruling on dispositive motions before pretrial docs need to be filed | 0.1 | 0.0 | $ 550.00 | $ 55.00 | $ 0.00 | Excessive. |
| 3/9/2020 | DAC | | Email with OC regarding pretrial docs and the court's order | 0.4 | 0.2 | $ 550.00 | $ 220.00 | $ 110.00 | Excessive and vague; 50% reduction |
| 4/30/2020 | DAC | | reviewed decision and determined appropriateness of providing to the court as supplement authority in support of Plaintiff's MSJ | 2 | 1.0 | $ 550.00 | $ 1,100.00 | $ 550.00 | Excessive and vague; 50% reduction |
| 4/30/2020 | DAC | 135 | Pulled docs and submitted to staff for filing a notice re: supplemental authority to motion for partial summary judgment | 0.4 | 0.4 | $ 550.00 | $ 220.00 | $ 220.00 | |
| 5/5/2020 | DAC | 136 | Reviewed response to notice: re: supplemental authority | 0.8 | 0.4 | $ 550.00 | $ 440.00 | $ 220.00 | |
| 6/10/2020 | DAC | | Followed up w/OC regarding non-payment of court ordered sanction | 0.1 | 0.1 | $ 550.00 | $ 55.00 | $ 55.00 | |
| 6/12/2020 | DAC | | Confirmed lack of payment of sanction and Directed staff to send another email follow up to OC regarding payment of court ordered sanction | 0.5 | 0.3 | $ 550.00 | $ 275.00 | $ 137.50 | Excessive and vague; 50% reduction |
| 6/18/2020 | DAC | | Received and reviewed email from OC confirming covid related issues with mailing sanction check | 0.1 | 0.0 | $ 550.00 | $ 55.00 | $ 0.00 | "Received" is ambiguous and takes no time. The rest is excessive and too vague to assess reasonableness. |
| 7/7/2020 | DAC | | Followed up with OC regarding lack of payment of sanction | 0.1 | 0.1 | $ 550.00 | $ 55.00 | $ 55.00 | |
| 9/25/2020 | DAC | | Received and reviewed email from OC confirming that he would mail the check re: court ordered sanction | 0.1 | 0.0 | $ 550.00 | $ 55.00 | $ 0.00 | "Received" is ambiguous and takes no time. The review is excessive. |
| 10/8/2020 | DAC | 137 | Reviewed order granting in part and denying in part CitiMortgage's Motion to Strike, denying Plaintiff's motion for summary judgment, granting CitiMortgage's motion for summary judgment and directing the Clerk of Court to enter judgment in favor of CitiMortgage and against Gross, and to close the case. | 2.7 | 1.4 | $ 550.00 | $ 1,485.00 | $ 742.50 | Excessive and vague; 50% reduction |
| 10/8/2020 | DAC | 138 | Reviewed Clerk's Judgment | 0.1 | 0.0 | $ 550.00 | $ 55.00 | $ 0.00 | Excessive. |
| 10/8/2020 | DAC | | Received and reviewed email from ECF granting Def MSJ. Pulled and reviewed court documents | 0.4 | 0.0 | $ 550.00 | $ 220.00 | $ 0.00 | "Received" is ambiguous and takes no time. Review is duplicative with previous entries. |
| 10/8/2020 | DAC | | Internal emails/discussions re: MSJ order and scheduling strategy meeting | 2.7 | 0.5 | $ 550.00 | $ 1,485.00 | $ 275.00 | Excessive and vague. |
| 10/9/2020 | DAC | | Internal discussions via email/phone re: whether to file motion to reconsider - decided against it | 0.5 | 0.5 | $ 550.00 | $ 275.00 | $ 275.00 | |
| 10/16/2020 | DAC | | Internal discussion via email/phone re: appeal. Thorough review of cross MSJs, the Court's order denying Citi's MTD, and contrary opinion granting Citi's MSJ | 1.8 | 0.9 | $ 550.00 | $ 990.00 | $ 495.00 | Excessive and vague; 50% reduction. |
| 11/2/2020 | DAC | 139 | Drafted Notice of appeal to 9th Circuit Court of Appeals | 0.4 | 0.4 | $ 550.00 | $ 220.00 | $ 220.00 | |
| 11/2/2020 | DAC | USCA : 1-2 | Reviewed USCA notice to counsel | 0.4 | 0.2 | $ 550.00 | $ 220.00 | $ 110.00 | Excessive; 50% reduction |
| 11/2/2020 | DAC | USCA : 1-3 | Reviewed USCA mediation letter | 0.1 | 0.1 | $ 550.00 | $ 55.00 | $ 55.00 | |
| 11/2/2020 | DAC | USCA : 1-4 | Reviewed USCA attorney introduction letter | 0.1 | 0.1 | $ 550.00 | $ 55.00 | $ 55.00 | |
| 11/2/2020 | DAC | | Reviewed and approved filing of Notice of Appeal | 0.4 | 0.0 | $ 550.00 | $ 220.00 | $ 0.00 | Duplicative with prior entry. |
| 11/3/2020 | DAC | USCA : 1-4; 140 | Reviewed and filed USCA Docketing Letter and Briefing Schedule | 0.5 | 0.5 | $ 550.00 | $ 275.00 | $ 275.00 | |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 11/3/2020 | DAC | | Internal emails/discussions regarding briefing schedule entered by the 9th circuit and mediaion questionnaire | 0.7 | 0.7 | $ 550.00 | $ 385.00 | $ 385.00 | |
| 11/5/2020 | DAC | USCA : 2 | Drafted Appellant's Mediation Questionnaire Response | 0.5 | 0.5 | $ 550.00 | $ 275.00 | $ 275.00 | |
| 11/5/2020 | DAC | | Reviewed mediation questionnaire with co-cousnel and approved filing | 0.8 | 0.8 | $ 550.00 | $ 440.00 | $ 440.00 | |
| 11/10/2020 | DAC | | Internal discussion regarding confidentiality of mediation documents and appropriate handling of the same | 0.7 | 0.7 | $ 550.00 | $ 385.00 | $ 385.00 | |
| 11/12/2020 | DAC | USCA : 4 | Reviewed Order Assigning Assessment Conference | 0.1 | 0.0 | $ 550.00 | $ 55.00 | $ 0.00 | Excessive. |
| 11/17/2020 | DAC | USCA : 5 | Reviewed Order Scheduling Assessment Conference | 0.1 | 0.0 | $ 550.00 | $ 55.00 | $ 0.00 | Excessive. |
| 12/17/2020 | DAC | | Appeared at 9th Circuit mediation assessment call. Emailed OC who did not appear for the call. | 0.7 | 0.7 | $ 550.00 | $ 385.00 | $ 385.00 | |
| 12/17/2020 | DAC | | Emails with OC re: benefits of the mediation. Agreed to continue and participate. | 0.4 | 0.4 | $ 550.00 | $ 220.00 | $ 220.00 | |
| 12/17/2020 | DAC | | Emails rescheduling mediation for 1/13/20 | 0.4 | 0.0 | $ 550.00 | $ 220.00 | $ 0.00 | Duplicative with prior entry, or not enough detail to distinguish. |
| 1/3/2021 | DAC | | discussion with associates and partners regarding Appellate strategy | 1.4 | 0.7 | $ 650.00 | $ 910.00 | $ 455.00 | Vague; 50% reduction. |
| 1/4/2021 | DAC | | Review MSJ motions and Court's order. Considered best arguments to attack prior positions and court's ruling | 5 | 2.5 | $ 650.00 | $ 3,250.00 | $ 1625.00 | Excessive and vague; 50% reduction. |
| 1/5/2021 | DAC | | Reviewed case law and looked for new supporting case law based on court's ruling.  Reviewed evidence in the record to provide better cites to court of appeals | 5.2 | 1.0 | $ 650.00 | $ 3,380.00 | $ 650.00 | Excessive and too vague to assess reasonableness. |
| 1/6/2021 | DAC | | Began skeleton brief of Appeal.  Spoke to colleagues about amicus briefing | 2.9 | 1.5 | $ 650.00 | $ 1,885.00 | $ 942.50 | Excessive and vague; 50% reduction. |
| 1/11/2021 | DAC | | Requested extenion of time to file brief (USCA Streamlined Request) | 0.1 | 0.1 | $ 650.00 | $ 65.00 | $ 65.00 | |
| 1/11/2021 | DAC | | Request for opening brief extension | 0.1 | 0.1 | $ 650.00 | $ 65.00 | $ 65.00 | |
| 1/12/2021 | DAC | | Reviewed approval of extension of time to file brief (USCA Streamlined Request) | 0.4 | 0.1 | $ 650.00 | $ 260.00 | $ 65.00 | Excessive; reduced to nominal time. |
| 1/19/2021 | DAC | | Mediation call with 9th Circuit panel mediator | 0.5 | 0.5 | $ 650.00 | $ 325.00 | $ 325.00 | |
| 2/3/2021 | DAC | | 9th circuit mediator call to encourage continued settlement discussion | 0.5 | 0.5 | $ 650.00 | $ 325.00 | $ 325.00 | |
| 2/8/2021 | DAC | | 9th circuit mediator call to encourage continued settlement discussion | 0.5 | 0.5 | $ 650.00 | $ 325.00 | $ 325.00 | |
| 2/16/2021 | DAC | | Attended telephonic assessment conference with mediator | 0.5 | 0.5 | $ 650.00 | $ 325.00 | $ 325.00 | |
| 2/16/2021 | DAC | | Internal email communication regarding unsuccessful mediation and strategy moving forward with the appeal | 0.7 | 0.7 | $ 650.00 | $ 455.00 | $ 455.00 | |
| 2/16/2021 | DAC | | Began substantive review of case law for opening Appellate brief and outlining | 7.1 | 3.6 | $ 650.00 | $ 4,615.00 | $ 2307.50 | Excessive; too vague with respect to "beginning review"; 50% reduction. |
| 2/17/2021 | DAC | | Drafted initital introductory section outlining factual history/procedural posture | 4.4 | 4.4 | $ 650.00 | $ 2,860.00 | $ 2860.00 | |
| 2/17/2021 | DAC | | Internal review of collected case law contrary to MSJ order. Internal email communiocation with associates regarding further case law research needed | 6.8 | 3.4 | $ 650.00 | $ 4,420.00 | $ 2210.00 | Excessive; 50% reduction. |
| 2/19/2021 | DAC | | Reviewed emailed exhibits needed for appellate brief | 2.5 | 2.5 | $ 650.00 | $ 1,625.00 | $ 1625.00 | |
| 3/4/2021 | DAC | | Received and reviewed email re: call from CFPB re: Gross appeal | 0.4 | 0.1 | $ 650.00 | $ 260.00 | $ 65.00 | "Received" is ambiguous and takes no time; reduced to nominal time |
| 3/5/2021 | DAC | USCA : 13-1 | Drafted motion for extension of time to file opening brief, sent to staff for filing | 0.5 | 0.3 | $ 650.00 | $ 325.00 | $ 162.50 | Excessive; 50% reduction |
| 3/5/2021 | DAC | | Discussed in detail 9th Circuit brief with CFPB attorney | 0.7 | 0.7 | $ 650.00 | $ 455.00 | $ 455.00 | |
| 3/5/2021 | DAC | | Emailed OC re: final 30 day extension to file brief | 0.1 | 0.1 | $ 650.00 | $ 65.00 | $ 65.00 | |
| 3/8/2021 | DAC | USCA : 14 | Reviewed order granting motion for extension of time to file opening brief | 0.1 | 0.0 | $ 650.00 | $ 65.00 | $ 0.00 | Excessive. |
| 3/10/2021 | DAC | | Conducted arbitrator settlement discussions | 0.7 | 0.7 | $ 650.00 | $ 455.00 | $ 455.00 | |
| 3/10/2021 | DAC | | Email communication with CFPB re: decision on Amicus brief | 0.4 | 0.4 | $ 650.00 | $ 260.00 | $ 260.00 | |
| 4/9/2021 | DAC | | Received and reviewed email regarding index volume for brief | 0.7 | 0.4 | $ 650.00 | $ 455.00 | $ 227.50 | "Received" is ambiguous and takes no time; reduced by 50% to account for review. |
| 4/12/2021 | DAC | USCA : 15 | Pulled and organized documents for finalized Appellant's Opening Brief, sent to staff for filing | 3.3 | 3.3 | $ 650.00 | $ 2,145.00 | $ 2145.00 | |
| 4/12/2021 | DAC | USCA : 16-6 | Pulled and organized documents for finalized Appellant's Excerpts of Record Index and Excerpts of Record Volumes 1-5, sent to staff for filing | 2.8 | 2.8 | $ 650.00 | $ 1,820.00 | $ 1820.00 | |
| 4/14/2021 | DAC | | Discussion with staff regarding appeal and reply brief for timely handling of work | 0.8 | 0.0 | $ 650.00 | $ 520.00 | $ 0.00 | Excessive and too vague to assess reasonableness. |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 4/14/2021 | DAC | USCA : 17 | Reviewed Order requiring copies and excerpts to be mailed to USCA | 0.4 | 0.1 | $ 650.00 | $ 260.00 | $ 65.00 | Excessive; reduced to nominal time. |
| 4/19/2021 | DAC | USCA : 18 | Reviewed Amicus Curiae Brief filed by Consumer Financial Protection Bureau | 0.4 | 0.4 | $ 650.00 | $ 260.00 | $ 260.00 | |
| 4/19/2021 | DAC | | Received and reviewed email communication from CFPB notifying intent to file Amicus brief | 0.1 | 0.0 | $ 650.00 | $ 65.00 | $ 0.00 | "Received" is ambiguous and takes no time. The review is excessive. |
| 4/19/2021 | DAC | | Communicated with CFPB to share excerpts of record | 0.4 | 0.4 | $ 650.00 | $ 260.00 | $ 260.00 | |
| 4/19/2021 | DAC | | Received and reviewed email from CFPB with copy of Amicus Brief/Reviewed brief in detail including authority cited therein | 5.4 | 1.0 | $ 650.00 | $ 3,510.00 | $ 650.00 | Excessive |
| 5/6/2021 | DAC | | Spoke to OC regarding ext to file answering brief | 0.1 | 0.1 | $ 650.00 | $ 65.00 | $ 65.00 | |
| 6/25/2021 | DAC | USCA : 28 | Reviewed Appellee's Answering Brief, including case law cited therein | 4.9 | 2.5 | $ 650.00 | $ 3,185.00 | $ 1592.50 | Excessive and vague; 50% reduction. |
| 6/27/2021 | DAC | | Began drafting skeleton Reply in support of Appellant's Brief | 6.7 | 3.4 | $ 650.00 | $ 4,355.00 | $ 2177.50 | Excessive and vague; 50% reduction. |
| 6/28/2021 | DAC | | Thorough review of case law in Appellee's Answering Brief, application of the same to facts at issue, distinguished such case law, collected case law in opposition to the same, included research in Reply brief | 7.7 | 3.9 | $ 650.00 | $ 5,005.00 | $ 2502.50 | Excessive and vague; 50% reduction. |
| 6/29/2021 | DAC | | Continued to work on reply brief. Sent to Nemer Hadous for review/input | 5.4 | 2.7 | $ 650.00 | $ 3,510.00 | $ 1755.00 | Excessive and vague; 50% reduction. |
| 6/30/2021 | NEMER H. | | Reviewed reply brief made edits. Discussed with DAC possibility of noticing on to the case for trial in the event of reversal | 3.5 | 1.8 | $ 650.00 | $ 2,275.00 | $ 1137.50 | Excessive and vague; 50% reduction. |
| 7/1/2021 | DAC | | Completed Reply brief and submitted to team for final thoughts/input | 7.1 | 3.6 | $ 650.00 | $ 4,615.00 | $ 2307.50 | Excessive and vague; 50% reduction. |
| 7/14/2021 | DAC | USCA : 32 | Drafted Appellant's Motion to Exceed the Type-Volume Limitation, sent to staff for filing | 1.2 | 0.3 | $ 650.00 | $ 780.00 | $ 195.00 | Excessive. |
| 7/14/2021 | DAC | USCA : 33 | Pulled and organized documents for finalized Appellant's Reply Brief, sent to staff for filing | 1.2 | 1.2 | $ 650.00 | $ 780.00 | $ 780.00 | |
| 7/15/2021 | DAC | USCA : 35 | Reviewed Order requiring copies and excerpts to be mailed to USCA | 0.1 | 0.0 | $ 650.00 | $ 65.00 | $ 0.00 | Excessive. |
| 9/5/2021 | DAC | | Reviewed docket entry setting oral argument | 0.4 | 0.0 | $ 650.00 | $ 260.00 | $ 0.00 | Excessive. |
| 9/15/2021 | DAC | | Strategy communication via email with CFPB about sharing time for 9th Cir oral argument | 0.5 | 0.5 | $ 650.00 | $ 325.00 | $ 325.00 | |
| 9/20/2021 | DAC | | Strategy communication via email with CFPB regarding enlargement of time at oral argument, or in the alternative relinquishing time for CFPB attorney | 0.4 | 0.4 | $ 650.00 | $ 260.00 | $ 260.00 | |
| 9/22/2021 | DAC | | Drafted acknowledgement of hearing notice | 0.4 | 0.4 | $ 650.00 | $ 260.00 | $ 260.00 | |
| 9/27/2021 | DAC | | Further strategy communication via email with CFPB regarding time of oral argument | 0.4 | 0.4 | $ 650.00 | $ 260.00 | $ 260.00 | |
| 10/20/2021 | DAC | | Reviewed Amicus Curiae Consumer Financial Protection Bureau request to participate in oral argument | 1.4 | 0.0 | $ 650.00 | $ 910.00 | $ 0.00 | Excessive and vague; reviewing and discussing CFPB's request to participate in oral argument is duplicated in above entries. |
| 10/21/2021 | DAC | | Reviewed order granting Amicus Curiae Consumer Financial Protection Bureau request to participate in oral argument | 0.1 | 0.0 | $ 650.00 | $ 65.00 | $ 0.00 | Excessive. |
| 11/10/2021 | DAC | USCA : 48 | Reviewed letter to USCA from CitiMortgage Incorporated regarding supplemental authority and withdrawing Article III standing argument | 0.1 | 0.1 | $ 650.00 | $ 65.00 | $ 65.00 | |
| 11/11/2021 | DAC | | Reviewed the record and initial read through of Appellate brief in preparation for oral argument. Took outline/notes | 5.1 | 2.6 | $ 650.00 | $ 3,315.00 | $ 1657.50 | Excessive and vague; 50% reduction. |
| 11/12/2021 | DAC | | Looked through depo testimony and reviewed defendants authority for oral argument | 5.7 | 2.9 | $ 650.00 | $ 3,705.00 | $ 1852.50 | Excessive and vague; 50% reduction. |
| 11/18/2021 | DAC | | Setup mock appellate oral argument with staff/associates to ask questions/interruptions.  Reviewed reply brief in preparation | 4 | 2.0 | $ 650.00 | $ 2,600.00 | $ 1300.00 | Excessive and vague; 50% reduction. |
| 11/19/2021 | DAC | | Finalized oral argument outline and rehearsed argument for mock session | 3.3 | 3.3 | $ 650.00 | $ 2,145.00 | $ 2145.00 | |
| 11/20/2021 | DAC | | Preparation for oral argument (drafting and redrafting opening statement, mock panel sessions with co-counsel, pitfal brainstorm sessions, judicial research, etc.) | 5 | 2.5 | $ 650.00 | $ 3,250.00 | $ 1625.00 | Excessive and vague; 50% reduction. |
| 11/20/2021 | NEMER H. | | Preparation for oral argument (drafting and redrafting opening statement, mock panel sessions with co-counsel, pitfal brainstorm sessions, judicial research, etc.) | 5 | 2.5 | $ 500.00 | $ 2,500.00 | $ 1250.00 | Excessive and vague; 50% reduction. |
| 11/20/2021 | MY III | | Prepared for and participated in mock oral argument session with managing partner/Nick Hadous | 5 | 2.5 | $ 275.00 | $ 1,375.00 | $ 687.50 | Excessive and vague; 50% reduction. |
| 11/21/2021 | DAC | | Reviewed outline and performed Oral argument before the Ninth Circuit | 1.8 | 0.9 | $ 650.00 | $ 1,170.00 | $ 585.00 | Excessive and vague; 50% reduction. |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|------|---------------------|-----|-------------------|-------------|--------------|-------------|----------------|-----------|-----------|
| 4/18/2022 | DAC | USCA : 52-1 | Reviewed letter to USCA from CitiMortgage Incorporated regarding supplemental authority | 0.4 | 0.0 | $ 650.00 | $ 290.00 | $ 0.00 | Duplicative with following entry, or not enough detail to distinguish. |
| 4/18/2022 | DAC | | Received reviewed letter of supp authority filed by OC | 0.1 | 0.1 | $ 650.00 | $ 72.50 | $ 65.00 | |
| 4/28/2022 | DAC | | Discussed response to supp authority with co-counsel | 1.2 | 0.6 | $ 650.00 | $ 870.00 | $ 390.00 | Duplicative with following entry, which additionally includes research and report. Reduced by 50% to account for redundancy. |
| 4/28/2022 | MY III | | Discussed response to supp authority with managing partner, conducted research regarding the same, submitted research report | 1.2 | 1.2 | $ 275.00 | $ 330.00 | $ 330.00 | |
| 4/29/2022 | DAC | USCA : 53 | Drafted letter to USCA in response to notice of supplemental authority sent by CitiMortgage Incorporated | 3 | 1.5 | $ 650.00 | $ 2,175.00 | $ 975.00 | Excessive and vague; 50% reduction. |
| 5/16/2022 | DAC | USCA : 55-1 | Reviewed Opinion of USCA reversing lower court judgment and remanding for further proceedings | 1.1 | 1.1 | $ 650.00 | $ 797.50 | $ 715.00 | |
| 5/16/2022 | DAC | | Received and reviewed email copy of the 9th circuits opinion and order | 0.1 | 0.0 | $ 650.00 | $ 72.50 | $ 0.00 | Duplicative with previous entry; excessive. |
| 5/16/2022 | DAC | | Prepared summary explanation of 9th circuit opinion, forwarded the same to the firm and other consumer attorneys | 1.5 | 0.0 | $ 650.00 | $ 1,087.50 | $ 0.00 | Not sufficiently related to case. |
| 5/16/2022 | DAC | | Prepared client summary of the 9th circuit's decision, forwarded the same to client | 1 | 1.0 | $ 650.00 | $ 725.00 | $ 650.00 | |
| 5/31/2022 | DAC | USCA : 56-1 | Reviewed CitiMortgage Inc.'s Petition for rehearing and rehearing en banc | 0.7 | 0.7 | $ 650.00 | $ 507.50 | $ 455.00 | |
| 5/31/2022 | DAC | | Discussed possible reply | 0.5 | 0.0 | $ 650.00 | $ 362.50 | $ 0.00 | Too vague to assess reasonableness. |
| 6/1/2022 | DAC | | Conducted review of 9th Cir. Procedures to determine whether we could respond to request for rehearing or en banc review | 0.6 | 0.6 | $ 650.00 | $ 435.00 | $ 390.00 | |
| 6/23/2022 | DAC | USCA : 58 | Reviewed order denying petition for rehearing and advising that the panel's Opinion had been submitted to the full 9th Circuit USCA and that no judge requested a vote on rehearing en benc under Fed. R. App. 35 | 0.4 | 0.1 | $ 650.00 | $ 290.00 | $ 65.00 | Excessive; reduced to nominal time. |
| 7/1/2022 | DAC | 142 | Reviewed Mandate of USCA, pulled the same and sent to staff for filing | 0.4 | 0.1 | $ 650.00 | $ 290.00 | $ 65.00 | Excessive and vague; reduced to nominal time. |
| 7/5/2022 | DAC | | Reviewed Fed. R. App. Proc. 41 and confirmed process going forward after mandate filing | 0.6 | 0.6 | $ 650.00 | $ 435.00 | $ 390.00 | |
| 8/12/2022 | DAC | 143 | Reviewed order setting Interim Status Conference and requiring that the parties meet and confer and file a Joint Status Report | 0.1 | 0.1 | $ 650.00 | $ 72.50 | $ 65.00 | |
| 8/13/2022 | DAC | | Began review of all discovery including depositions transcripts and written responses/document production to prepare for status conference and possible trial setting | 6.3 | 3.2 | $ 650.00 | $ 4,567.50 | $ 2047.50 | Excessive and vague; 50% reduction. |
| 8/14/2022 | DAC | | Read depo of Evan Hendricks and his report. Reviewed in light of 9th circuit's opinion | 3.1 | 1.6 | $ 650.00 | $ 2,247.50 | $ 1007.50 | Excessive and vague; 50% reduction. |
| 8/14/2022 | DAC | | Discussed 9th cir. opinion with expert and his availability for trial | 1.3 | 1.3 | $ 650.00 | $ 942.50 | $ 845.00 | |
| 8/15/2022 | DAC | | Email communication to OC regarding call/joint report | 0.4 | 0.2 | $ 650.00 | $ 290.00 | $ 130.00 | Excessive and vague; 50% reduction. |
| 8/16/2022 | DAC | | reviewed and sent separate email to OC regarding M&C - no response from OC on 8/15 | 0.5 | 0.3 | $ 650.00 | $ 362.50 | $ 162.50 | Excessive and vague; 50% reduction. |
| 8/16/2022 | DAC | | Reviewed response from OC - scheduled time to speak on 8/22 | 0.1 | 0.1 | $ 650.00 | $ 72.50 | $ 65.00 | |
| 8/17/2022 | DAC | 144 | Reviewed order vacating and resetting Interim Status Conference | 0.1 | 0.0 | $ 650.00 | $ 72.50 | $ 0.00 | Excessive. |
| 8/19/2022 | DAC | | Discovery review for trial prep. (reviewing Citi account notes). Discussed with associates the possibility of requesting additional discovery re: Citi's investigation following 9th Cir. ruling | 3.5 | 1.8 | $ 650.00 | $ 2,537.50 | $ 1137.50 | Excessive and vague; 50% reduction. |
| 8/19/2022 | NEMER H. | | Discussed discovery with DAC. Decided against making a formal request to reopen | 1.4 | 1.4 | $ 500.00 | $ 700.00 | $ 700.00 | |
| 8/20/2022 | DAC | | Reviewed prior Citi 30(b)(6) depo transcript. Identified some account notes that contradicted testimony. Reviewed Plaintiff's depo | 4.1 | 2.1 | $ 650.00 | $ 2,972.50 | $ 1332.50 | Excessive and vague; 50% reduction. |
| 8/22/2022 | DAC | | Conducted meet and confer with opposing counsel | 0.5 | 0.5 | $ 650.00 | $ 362.50 | $ 325.00 | |
| 8/22/2022 | DAC | | Reviewed draft joint status report, sent to OC | 0.6 | 0.6 | $ 650.00 | $ 435.00 | $ 390.00 | |
| 8/22/2022 | DAC | | Received and reviewed revisions to Joint status report from OC | 0.4 | 0.2 | $ 650.00 | $ 290.00 | $ 130.00 | "Received" takes no time and is ambiguous. 50% reduction to account for review. |
| 8/23/2022 | DAC | 145 | Final review and filing of status report | 0.4 | 0.4 | $ 650.00 | $ 290.00 | $ 260.00 | |
| 8/30/2022 | DAC | 146 | Reviewed order vacating and resetting Interim Status Conference | 0.1 | 0.1 | $ 650.00 | $ 72.50 | $ 65.00 | |
| 9/16/2022 | DAC | 147 | Drafted motion for leave to appear telephonically at interim conference | 0.4 | 0.1 | $ 650.00 | $ 290.00 | $ 65.00 | Excessive; reduced to nominal time. |
| 9/19/2022 | DAC | 148 | Reviewed order granting leave to appear teleponically | 0.1 | 0.1 | $ 650.00 | $ 72.50 | $ 65.00 | |
| 9/19/2022 | DAC | 149 | Reviewed Motion to amend scheduling order by CitiMortgage Incorporated. | 0.5 | 0.5 | $ 650.00 | $ 362.50 | $ 325.00 | |
| 9/20/2022 | DAC | 150 | Reviewed order vacating and resetting Interim Status Conference | 0.1 | 0.1 | $ 650.00 | $ 72.50 | $ 65.00 | |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 9/20/2022 | DAC | 151 | Attended telephonic status conference. Reviewed minute entry for Interum Status Conference and order denying motion to amend scheduling order to file a motion for summary judgment and reopening discovery and requiring the parties to meet and confer and file a proposed scheduling order | 0.8 | 0.8 | $650.00 | $580.00 | $520.00 | |
| 9/21/2022 | DAC | | Conducted litigation team strategy meeting regarding expedited discovery track | 2.7 | 0.5 | $650.00 | $1,957.50 | $325.00 | Excessive and vague |
| 9/21/2022 | NEMER H. | | Attended strategy meeting re: reopened discovery | 2.7 | 0.5 | $500.00 | $1,350.00 | $250.00 | Excessive and vague |
| 9/21/2022 | MY III | | Attended strategy meeting re: reopened discovery | 2.7 | 0.5 | $275.00 | $742.50 | $137.50 | Excessive and vague |
| 9/21/2022 | DAC | 152 | Reviewed order assigning case to Magistrate Judge Michael T. Contact Judge Morrissey for the purpose of conducting a settlement conference | 0.8 | 0.0 | $650.00 | $580.00 | $0.00 | Excessive for one page order. To the extent "review" covers scheduling, that is duplicative with subsequent entries. |
| 9/21/2022 | DAC | | Discussed reopened discovery with client | 1 | 0.5 | $650.00 | $725.00 | $325.00 | Excessive and vague; 50% reduction. |
| 9/22/2022 | DAC | 153 | Drafted expedited written discovery requests and notice regarding same | 2 | 2.0 | $650.00 | $1,450.00 | $1300.00 | |
| 9/22/2022 | DAC | | Send email communication to OC regarding 30+ day reopening of discovery and new discovery responses and deadlines | 0.5 | 0.3 | $650.00 | $362.50 | $162.50 | Excessive and vague; 50% reduction. |
| 9/22/2022 | DAC | | Received and reviewed response from OC re: discovery plan/dates/deadlines | 0.8 | 0.4 | $650.00 | $580.00 | $260.00 | "Received" takes no time and is ambiguous. 50% reduction to account for review. |
| 9/26/2022 | DAC | | Prepared for and met and conferred with opposing counsel regarding discovery needed and scheduling order | 1.5 | 1.5 | $650.00 | $1,087.50 | $975.00 | |
| 9/26/2022 | DAC | | Prepared proposed scheduling order | 0.6 | 0.3 | $650.00 | $435.00 | $195.00 | Excessive |
| 9/26/2022 | DAC | | Prepared for and had call with OC regarding discovery needed and agreement | 1.2 | 0.0 | $650.00 | $870.00 | $0.00 | Duplicative with prior entry; awarded larger of two entries. |
| 9/26/2022 | DAC | | Discussion with team/email to chambers re: scheduling a settlement conference with Judge Morrissey | 0.7 | 0.4 | $650.00 | $507.50 | $227.50 | Excessive and vague; 50% reduction |
| 9/27/2022 | DAC | | Call with OC regarding call to Judge Morrissey's chambers. Called and scheduled settlement conference. | 0.7 | 0.7 | $650.00 | $507.50 | $455.00 | |
| 9/27/2022 | DAC | | Email communication with Magistrate's chambers re: scheduling zoom conference | 0.4 | 0.4 | $650.00 | $290.00 | $260.00 | |
| 9/27/2022 | DAC | | Discussed motion to continue trial deadlines and request to move trial date to allow time to complete settlement conference and discovery needs | 0.6 | 0.3 | $650.00 | $435.00 | $195.00 | Excessive and vague; 50% reduction. |
| 9/28/2022 | DAC | | Email communication with Chambers re: settlement conference requirements | 0.4 | 0.2 | $650.00 | $290.00 | $130.00 | Excessive and vague; 50% reduction. |
| 9/29/2022 | DAC | 154 | Reviewed Motion for reconsideration of order denying motion to amend scheduling order | 0.7 | 0.7 | $650.00 | $507.50 | $455.00 | |
| 9/30/2022 | DAC | 155 | Reviewed order denying Motion for Reconsideration and setting deadline for filing of proposed scheduling order | 0.1 | 0.1 | $650.00 | $72.50 | $65.00 | |
| 10/3/2022 | DAC | 156 | Reviewed order setting Telephonic Settlement Conference | 0.1 | 0.0 | $650.00 | $72.50 | $0.00 | Excessive. |
| 10/3/2022 | DAC | | Emailed OC with settlement offer as well as reques to schedule a new 30(b)(6) deposition as well as an expert deposition | 1.1 | 0.6 | $650.00 | $797.50 | $357.50 | Excessive; 50% reduction. |
| 10/3/2022 | DAC | | Received and reviewed email from OC with scheduling order | 0.5 | 0.3 | $650.00 | $362.50 | $162.50 | "Received" takes no time and is ambiguous. 50% reduction to account for review. |
| 10/4/2022 | DAC | 157 | Reviewed proposed scheduling order submitted by CitiMortgage Incorporated | 0.5 | 0.5 | $650.00 | $362.50 | $325.00 | |
| 10/4/2022 | DAC | | Reviewed judge Morrissey's requirements for settlement conference memo | 0.7 | 0.7 | $650.00 | $507.50 | $455.00 | |
| 10/5/2022 | DAC | 158 | Drafted NOTICE of Deposition of Defendant CitiMortgage, Inc. | 1 | 1.0 | $650.00 | $725.00 | $650.00 | |
| 10/5/2022 | DAC | | Reviewed prior deposition and account notes to create outline for depo | 3.1 | 3.1 | $650.00 | $2,247.50 | $2015.00 | |
| 10/5/2022 | DAC | | Email communication with OC regarding deposition dates | 0.4 | 0.2 | $650.00 | $290.00 | $130.00 | Excessive; 50% reduction |
| 10/6/2022 | DAC | 159 | Reviewed discovery served by CitiMortgage Incorporated | 1.5 | 1.5 | $650.00 | $1,087.50 | $975.00 | |
| 10/6/2022 | DAC | | Internal email regarding adding Nemer Hadous as co-counsel for trial followed up by call and discussion of his participation at trial stage | 1.2 | 1.2 | $650.00 | $870.00 | $780.00 | |
| 10/6/2022 | NEMER H | | Call with DAC to discuss trial and 2nd chair | 1.2 | 1.0 | $500.00 | $600.00 | $500.00 | Previous entry included time for emailing; meeting could thus not have been 1.2 hours |
| 10/6/2022 | DAC | | Received email with discovery requests from Citi in Word format | 0.4 | 0.0 | $650.00 | $290.00 | $0.00 | "Received" is ambiguous and takes no time. |
| 10/6/2022 | DAC | | Multiple emails with OC regarding Depo of Def. Expert and scheduling issues/conflicts | 1 | 0.5 | $650.00 | $725.00 | $325.00 | Excessive and vague; 50% reduction |
| 10/7/2022 | DAC | 160 | Drafted Notice of Appearance of Nemer Hadous, sent to staff for filing | 0.1 | 0.1 | $650.00 | $72.50 | $65.00 | |
| 10/7/2022 | DAC | 161 | Drafted Notice of Appearance of Michael Yancey, sent to staff for filing | 0.1 | 0.1 | $650.00 | $72.50 | $65.00 | |
| 10/7/2022 | DAC | | Additional emails with OC regarding Depo of Def. Expert and scheduling conflicts | 0.4 | 0.2 | $650.00 | $290.00 | $130.00 | Excessive and vague; 50% reduction |
| 10/7/2022 | DAC | | Multiple emails re: depos of experts. Agreed to take def. expert on 10/31/22 | 0.5 | 0.3 | $650.00 | $362.50 | $162.50 | Excessive and vague; 50% reduction |
| 10/7/2022 | DAC | | Received discovery responses from Citi | 1.2 | 0.0 | $650.00 | $870.00 | $0.00 | "Received" is ambiguous and takes no time. |
| 10/7/2022 | DAC | | Internal communications regarding serious deficiencies of Citi's responses | 1 | 0.5 | $650.00 | $725.00 | $325.00 | Excessive and vague; 50% reduction |
| 10/7/2022 | DAC | | Reviewed court's standing order on discovery disputes | 0.4 | 0.1 | $650.00 | $290.00 | $65.00 | Counsel had prior experience with this topic; reduced to nominal time. |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 10/10/2022 | DAC | | Email communioacation with OC regarding meet and confer re: deficient discovery responses sent to Plaintiff | 0.4 | 0.4 | $ 650.00 | $ 290.00 | $ 260.00 | |
| 10/10/2022 | DAC | | Prepared Plaintiff's portion of joint discovery dispute and sent to OC, requesting meet and confer | 1.4 | 0.7 | $ 650.00 | $ 1,015.00 | $ 455.00 | Excessive; 50% reduction. |
| 10/10/2022 | DAC | | Received and reviewed lengthy email from OC regarding discovery dispute. Scheduled call for 10/11/22 - multiple emails exchanged in a thread | 0.8 | 0.4 | $ 650.00 | $ 580.00 | $ 260.00 | "Received" is ambiguous and takes no time; 50% reduction to account for review. |
| 10/11/2022 | DAC | 162 | Reviewed order setting Rule 16 Case Management Plan and setting jury trial | 0.5 | 0.5 | $ 650.00 | $ 362.50 | $ 325.00 | |
| 10/11/2022 | DAC | | Call with OC and narrowed discovery dispute | 0.7 | 0.7 | $ 650.00 | $ 507.50 | $ 455.00 | |
| 10/12/2022 | DAC | 163 | Finalized and sent joint statement of discovery dispute | 0.8 | 0.8 | $ 650.00 | $ 580.00 | $ 520.00 | |
| 10/12/2022 | DAC | 164 | Reviewed Order requiring parites to file copies of requests for production of documents and responses in dispute | 0.2 | 0.2 | $ 650.00 | $ 145.00 | $ 130.00 | |
| 10/12/2022 | DAC | 166 | Pulled and organized copies of requests for production of documents and responses in dispute, sent to staff for filing | 0.6 | 0.6 | $ 650.00 | $ 435.00 | $ 390.00 | |
| 10/12/2022 | DAC | | Email and phone communioacation with Plaintiff's expert to discuss upcoming deposition | 0.5 | 0.5 | $ 650.00 | $ 362.50 | $ 325.00 | |
| 10/13/2022 | DAC | 167 | Reviewed order narrowing requests to the relevant time frame and requring Citi to respond and/or object accordingly | 0.4 | 0.4 | $ 650.00 | $ 290.00 | $ 260.00 | |
| 10/14/2022 | DAC | 168 | Drafted amended discovery requests pursuant to the Court's order and notice of the same | 1.2 | 0.6 | $ 650.00 | $ 870.00 | $ 390.00 | Excessive because amended requests simply included limited date range; 50% reduction. |
| 10/18/2022 | DAC | | Drafted Confidential Mediation Memorandum to be submitted to mediator | 3.2 | 3.2 | $ 650.00 | $ 2,320.00 | $ 2080.00 | |
| 10/18/2022 | DAC | 169 | Drafted First amended notice of deposition of Defendant CitiMortgage, Inc. | 0.7 | 0.7 | $ 650.00 | $ 507.50 | $ 455.00 | |
| 10/18/2022 | DAC | 170 | Drafted amended subpoena and notice of the same | 0.6 | 0.2 | $ 650.00 | $ 435.00 | $ 130.00 | Excessive; reduced to nominal time. |
| 10/18/2022 | DAC | 171 | Reviewed notice of deposition of Plaintiff's Expert | 0.4 | 0.2 | $ 650.00 | $ 290.00 | $ 130.00 | Excessive; 50% reduction |
| 10/18/2022 | DAC | | Received and reviewed offer to settle from Citi in accordance with Judge Morrissey's requirements | 0.1 | 0.0 | $ 650.00 | $ 72.50 | $ 0.00 | "Received" is ambiguous and takes no time. |
| 10/20/2022 | DAC | | Sent discovery responses to paralegal to forward to OC. | 0.4 | 0.0 | $ 650.00 | $ 290.00 | $ 0.00 | Excessive. |
| 10/20/2022 | DAC | | Prepared and sent email to OC with Plaintiff's Trial witness disclosure | 1.5 | 1.5 | $ 650.00 | $ 1,087.50 | $ 975.00 | |
| 10/24/2022 | DAC | | Consulted with rebuttal expert in response to newly disclosed Attorney Expert by Def Citi | 1.2 | 1.2 | $ 650.00 | $ 870.00 | $ 780.00 | |
| 10/24/2022 | DAC | | Received responses from Citi to Def. Amended Second Set of request for production | 1.2 | 0.0 | $ 650.00 | $ 870.00 | $ 0.00 | "Received" is ambiguous and takes no time. |
| 10/25/2022 | DAC | | Conference with client regarding mediation | 1.2 | 1.2 | $ 650.00 | $ 870.00 | $ 780.00 | |
| 10/25/2022 | DAC | | Consulted with staff about having not received zoom link for settlement conference. Sent an email to Judge Morrissey's chambers requesting zoom link | 0.5 | 0.1 | $ 650.00 | $ 362.50 | $ 65.00 | Excessive; reduced to nominal time. |
| 10/25/2022 | DAC | | Prepared with Client and reviewed memo and Attended mediation by Zoom with Judge Morrissey | 4.7 | 4.7 | $ 650.00 | $ 3,407.50 | $ 3055.00 | |
| 10/25/2022 | DAC | | Received email from OC regarding meet and confer regarding disclosure of rebuttal expert. Held call with OC | 0.7 | 0.4 | $ 650.00 | $ 507.50 | $ 227.50 | "Received" is ambiguous and takes no time; reduced by 50% to account for call. |
| 10/26/2022 | DAC | 172 | Reviewed discovery responses from CitiMortgage Incorporated | 1.5 | 1.5 | $ 650.00 | $ 1,087.50 | $ 975.00 | |
| 10/27/2022 | DAC | 173 | Reviewed order setting continued settlement conference | 0.4 | 0.0 | $ 650.00 | $ 290.00 | $ 0.00 | Excessive. |
| 10/29/2022 | DAC | | Prepared for depo of Citi's expert and 30(b)(6) witness following reversal by 9th Cir. | 4.7 | 4.7 | $ 650.00 | $ 3,407.50 | $ 3055.00 | |
| 10/31/2022 | DAC | | Reviewed Expert rebuttal report, 9th Cir order and conducted the deposition of John Ulzheimer | 3.8 | 3.8 | $ 650.00 | $ 2,755.00 | $ 2470.00 | |
| 10/31/2022 | DAC | | Meet and confer with opposing counsel re: 30(b)(6) | 0.4 | 0.4 | $ 650.00 | $ 290.00 | $ 260.00 | |
| 10/31/2022 | DAC | | Reviewed notes and outline and then conducted the deposition of CitiMortgage Inc.'s 30(b)(6) witness | 3.4 | 3.4 | $ 650.00 | $ 2,465.00 | $ 2210.00 | |
| 10/31/2022 | DAC | | Received and reviewed email with document disclosure | 1.2 | 0.6 | $ 650.00 | $ 870.00 | $ 390.00 | "Received" is ambiguous and takes no time; 50% reduction to account for review. |
| 11/1/2022 | DAC | 174 | Reviewed motion to exclude Plaintiff's Rebuttal Expert by CitiMortgage Incorporated | 1.7 | 1.7 | $ 650.00 | $ 1,232.50 | $ 1105.00 | |
| 11/1-8/2022 | DAC | | Emails re: Plaintiff's rebuttal expert and discovery dispute | 1.4 | 0.7 | $ 650.00 | $ 1,015.00 | $ 455.00 | Excessive and vague; 50% reduction. |
| 11/8/2022 | DAC | 175 | Drafted and served supplemental Rule 26(a)(2) disclosure | 1.2 | 1.2 | $ 650.00 | $ 870.00 | $ 780.00 | |
| 11/11/2022 | DAC | 176 | Drafted response in opposition to motion to exclude Plaintiff's Rebuttal Expert | 4.8 | 2.4 | $ 650.00 | $ 3,480.00 | $ 1560.00 | Excessive and vague; 50% reduction. |
| 11/11/2022 | DAC | | Conducted litigation team strategy meeting regarding trial | 1.7 | 0.9 | $ 650.00 | $ 1,232.50 | $ 552.50 | Excessive and vague; 50% reduction. |
| 11/16/2022 | DAC | | prepared for continued meditaion with client - attended by zoom | 2.5 | 1.3 | $ 650.00 | $ 1,812.50 | $ 812.50 | Excessive and vague; 50% reduction. |
| 11/16/2022 | DAC | 177 | Reviewed minute entry submitted by Magistrate Judge Michael T Morrissey regarding settlement conference | 0.1 | 0.0 | $ 650.00 | $ 72.50 | $ 0.00 | Excessive. |
| 11/18/2022 | DAC | 178 | Reviewed Reply to Response to Motion to Exclude Plaintiff's Rebuttal Expert filed by CitiMortgage Incorporated | 1.6 | 0.8 | $ 650.00 | $ 1,160.00 | $ 520.00 | Excessive and vague; 50% reduction. |
| 11/22/2022 | DAC | 179 | Reviewed order granting Motion to Exclude Plaintiff's Rebuttal Expert | 0.4 | 0.4 | $ 650.00 | $ 290.00 | $ 260.00 | |
| 11/22/2022 | DAC | 180 | Prepared request for transcript of proceedings held on September 20, 2022 | 0.5 | 0.3 | $ 650.00 | $ 362.50 | $ 162.50 | Excessive; 50% reduction. |
| 11/22/2022 | DAC | | Received court's order excluding Rebuttal expert from trial | 0.1 | 0.0 | $ 650.00 | $ 72.50 | $ 0.00 | "Received" is ambiguous and takes no time. |
| 11/29/2022 | DAC | 182 | Reviewed official transcript of September 20, 2022 proceedings | 0.8 | 0.8 | $ 650.00 | $ 580.00 | $ 520.00 | |
| 11/30/2022 | DAC | | Sent email to OC to schedule meet and confer on MILs | 0.4 | 0.1 | $ 650.00 | $ 290.00 | $ 65.00 | Excessive; reduced to nominal time. |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|------|---------------------|-----|-------------------|-------------|--------------|-------------|----------------|-----------|-----------|
| 12/2/2022 | DAC | 181 | Drafted Motion for Reconsideration of Court's order excluding Plaintiff's rebuttal expert | 3.7 | 1.9 | $ 650.00 | $ 2,682.50 | $ 1202.50 | Excessive and vague; 50% reduction. |
| 12/5/2022 | DAC | | Started reviewing issues with discovery to determine what MILs we'd probably want to file and the basis for such motion - discussed with Nemer and Michael Y | 5.8 | 2.9 | $ 650.00 | $ 4,205.00 | $ 1885.00 | Excessive and vague; 50% reduction. |
| 12/5/2022 | MY III | | Discussed MILs with DAC and Nemer | 1.4 | 1.4 | $ 275.00 | $ 385.00 | $ 385.00 | |
| 12/5/2022 | NEMER H. | | Discussed MILs with DAC and Yancey | 1.4 | 1.4 | $ 500.00 | $ 700.00 | $ 700.00 | |
| 12/8/2022 | DAC | | Reviewed MILs and met and conferred with opposing counsel (motions in limine) | 2 | 1.0 | $ 650.00 | $ 1,450.00 | $ 650.00 | Excessive and vague; 50% reduction. |
| 12/8/2022 | DAC | | Prepared pretrial order for review and consideration by OC | 2.8 | 2.8 | $ 650.00 | $ 2,030.00 | $ 1820.00 | |
| 12/9/2022 | DAC | | Prepared exhibit list for submission | 4 | 4.0 | $ 650.00 | $ 2,900.00 | $ 2600.00 | |
| 12/9/2022 | DAC | | Prepared jury instructions | 4.2 | 4.2 | $ 650.00 | $ 3,045.00 | $ 2730.00 | |
| 12/10/2022 | DAC | | Prepared void dire | 2.3 | 1.2 | $ 650.00 | $ 1,667.50 | $ 747.50 | Excessive and vague; 50% reduction. |
| 12/10/2022 | DAC | | Prepared draft verdict form | 1.5 | 0.8 | $ 650.00 | $ 1,087.50 | $ 487.50 | Excessive; 50% reduction |
| 12/11/2022 | DAC | | Prepared initial draft of Joint Statement of the case | 1.9 | 1.0 | $ 650.00 | $ 1,377.50 | $ 617.50 | Excessive; 50% reduction |
| 12/15/2022 | MY III | | Email to OC regarding pretrial order and exhibit lists | 0.1 | 0.1 | $ 275.00 | $ 27.50 | $ 27.50 | |
| 12/16/2022 | MY III | | Received and reviewed email from OC regarding pretrial order and exhibit lists, responded to same | 0.4 | 0.2 | $ 275.00 | $ 110.00 | $ 55.00 | "Received" is ambiguous and takes no time; 50% reduction to account for review. |
| 12/16/2022 | DAC | 183 | Reviewed Order denying Motion for Reconsideration and ordering further briefing on triable issues | 1.2 | 1.2 | $ 650.00 | $ 870.00 | $ 780.00 | |
| 12/17/2022 | DAC | | Conducted litigation team strategy meeting regarding trial and pretrial deadlines | 3.2 | 1.6 | $ 650.00 | $ 2,320.00 | $ 1040.00 | Excessive; next entry includes preparation time within same allotment of time, meaning this entry is too vague to asses reasonableness; 50% reduction |
| 12/17/2022 | MY III | | Prepared for and attended strategy meeting with managing partner | 3.2 | 1.6 | $ 275.00 | $ 880.00 | $ 440.00 | Excessive and vague; 50% reduction |
| 12/17/2022 | MY III | | Incorporated Defendant's exhibit into Joint Exhibit List, drafted objections to the same | 1.2 | 1.2 | $ 275.00 | $ 330.00 | $ 330.00 | |
| 12/17/2022 | MY III | | Email to OC re Joint Exhibit List | 0.1 | 0.1 | $ 275.00 | $ 27.50 | $ 27.50 | |
| 12/17/2022 | DAC | | Prepared initial draft of combined MIL | 4 | 2.0 | $ 650.00 | $ 2,900.00 | $ 1300.00 | Excessive and vague; 50% reduction. |
| 12/17/2022 | DAC | | Finalized joint statement of the case | 1.4 | 0.7 | $ 650.00 | $ 1,015.00 | $ 455.00 | Excessive and vague; 50% reduction. |
| 12/18/2022 | NEMER H. | | Prepared motion to preclude opinions of Kent Cammack | 6.1 | 6.1 | $ 500.00 | $ 3,050.00 | $ 3050.00 | |
| 12/18/2022 | NEMER H. | | Prepared Motion to preclude opinions of John Ulzheimer | 4.8 | 4.8 | $ 500.00 | $ 2,400.00 | $ 2400.00 | |
| 12/18/2022 | DAC | | reviewed and edited motion to preclude Kent Cammack | 1.5 | 1.5 | $ 650.00 | $ 1,087.50 | $ 975.00 | |
| 12/19/2022 | DAC | | reviewed and edited motion to preclude John Ulzheimer | 1.4 | 1.4 | $ 650.00 | $ 1,015.00 | $ 910.00 | |
| 12/19/2022 | MY III | 184 | Reviewed and Submitted for filing combined Motion in Limine | 2.2 | 2.2 | $ 275.00 | $ 605.00 | $ 605.00 | |
| 12/19/2022 | MY III | 185 | Reviewed and submitted for filing proposed pretrial order and joint exhibit list | 1.2 | 1.2 | $ 275.00 | $ 330.00 | $ 330.00 | |
| 12/19/2022 | MY III | 186 | Reviewed and submitted for filing proposed Voir Dire | 1 | 1.0 | $ 275.00 | $ 275.00 | $ 275.00 | |
| 12/19/2022 | MY III | 187 | Reviewed and submitted for filing proposed verdict form | 0.6 | 0.6 | $ 275.00 | $ 165.00 | $ 165.00 | |
| 12/19/2022 | MY III | 188 | Reviewed joint statement of the case (to be read to the jury) and sent for filing | 0.8 | 0.4 | $ 725.00 | $ 580.00 | $ 290.00 | Excessive; 50% reduction |
| 12/19/2022 | DAC | 189 | Reviewed joint statement of the case (to be included on the juror questionnaire) and sent for filing | 0.7 | 0.4 | $ 650.00 | $ 507.50 | $ 227.50 | Excessive; 50% reduction |
| 12/19/2022 | DAC | 190 | Reviewed final version and sent for filing Motion to preclude opinion testimony by Defendant's "expert" Kent E. Cammack | 1.2 | 1.2 | $ 650.00 | $ 870.00 | $ 780.00 | |
| 12/19/2022 | DAC | 191 | Reviewed Motion in Limine No. 1 by CitiMortgage Incorporated | 1.7 | 0.9 | $ 650.00 | $ 1,232.50 | $ 552.50 | Excessive and vague; 50% reduction |
| 12/19/2022 | DAC | 192 | Reviewed Motion in Limine No. 2 by CitiMortgage Incorporated | 2.2 | 1.1 | $ 650.00 | $ 1,595.00 | $ 715.00 | Excessive and vague; 50% reduction |
| 12/19/2022 | DAC | 193 | Reviewed Motion in Limine No. 3 by CitiMortgage Incorporated | 2.2 | 1.1 | $ 650.00 | $ 1,595.00 | $ 715.00 | Excessive and vague; 50% reduction |
| 12/19/2022 | DAC | 194 | Reviewed and submitted for filing Motion to preclude opinions by Defendant's expert John Ulzheimer | 0.8 | 0.8 | $ 650.00 | $ 580.00 | $ 520.00 | |
| 12/19/2022 | DAC | 195 | Drafted notice re: pretrial filings and informal request for a one-day extension | 0.5 | 0.5 | $ 650.00 | $ 362.50 | $ 325.00 | |
| 12/19/2022 | DAC | 196 | Reviewed and submitted for filing Proposed Verdict Form and Proposed Voir Dire Questions by CitiMortgage Incorporated | 0.6 | 0.6 | $ 650.00 | $ 165.00 | $ 165.00 | |
| 12/19/2022 | MY III | | Multiple emails with OC regarding pre-trial documents | 1.1 | 0.6 | $ 275.00 | $ 302.50 | $ 151.25 | Excessive and vague; 50% reduction |
| 12/20/2022 | DAC | 197 | Reviewed order vacating and resetting pretrial conference | 0.1 | 0.1 | $ 650.00 | $ 72.50 | $ 65.00 | |
| 12/20/2022 | DAC | 198 | Drafted/reviewed joint deposition designations | 2.7 | 2.7 | $ 650.00 | $ 1,957.50 | $ 1755.00 | |
| 12/20/2022 | DAC | 199 | Drafted/reviewed joint proposed jury instructions | 0.5 | 0.5 | $ 650.00 | $ 362.50 | $ 325.00 | |
| 12/20/2022 | MY III | | Multiple emails with OC regarding pre-trial documents | 0.9 | 0.5 | $ 275.00 | $ 247.50 | $ 123.75 | Excessive and vague; 50% reduction |
| 12/21/2022 | DAC | | Began working on cross examination questions of Citi. Reviewed depositions and prepared draft outline with citiation to exhibits | 4 | 4.0 | $ 650.00 | $ 2,900.00 | $ 2600.00 | |
| 12/21/2022 | DAC | | Started cross-examination outline for John Ulzheimer and Kent Cammak | 4.6 | 2.3 | $ 650.00 | $ 3,335.00 | $ 1495.00 | Excessive and vague; 50% reduction. |
| 12/22/2022 | DAC | | Reviewed exhibits and cited appropriate bates lables for cross exam questions for Cammak and Ulzhimer | 2.3 | 2.3 | $ 650.00 | $ 1,667.50 | $ 1495.00 | |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| 12/23/2022 | DAC | | Began drafting outline of direct exam questions for Plaintiff.  Planned phone meeting to expand on outline with client | 3.8 | 1.9 | $ 650.00 | $ 2,755.00 | $ 1235.00 | Excessive and vague; 50% reduction |
| 12/23/2022 | DAC | | In-Office Meeting with Client. Reviewed outline and filled in historical gaps in the story | 3.6 | 3.6 | $ 650.00 | $ 2,610.00 | $ 2340.00 | |
| 12/23/2022 | DAC | | Began working on opening statement | 2.2 | 1.1 | $ 650.00 | $ 1,595.00 | $ 715.00 | Excessive and vague; 50% reduction |
| 12/24/2022 | DAC | | Continued working on opening statement. Put into near final form | 5.3 | 2.7 | $ 650.00 | $ 3,842.50 | $ 1722.50 | Excessive and vague; 50% reduction |
| 12/24/2022 | DAC | | reviewed exhibits including defendant's proposed exhibits to prepare better objections with authority to support the same | 4 | 2.0 | $ 650.00 | $ 2,900.00 | $ 1300.00 | Excessive and vague; 50% reduction |
| 12/25/2022 | DAC | | Completed cross exam questions for Defendant's two experts | 2.5 | 2.5 | $ 650.00 | $ 1,812.50 | $ 1625.00 | |
| 12/26/2022 | DAC | | Reviewed defendant's records and prior testimony to fine tune cross exam and opening statement. Began framework for anticipated closing | 5.4 | 5.4 | $ 650.00 | $ 3,915.00 | $ 3510.00 | |
| 12/26/2022 | DAC | | Reviewed 9th Cir opinion and order to determine things to include in the opening | 1.9 | 1.9 | $ 650.00 | $ 1,377.50 | $ 1235.00 | |
| 12/27/2022 | DAC | | Received/reviewed Offer of Judgment. Conducted legal research into the effect of the OOJ including costs (but not fees) | 3.8 | 1.9 | $ 650.00 | $ 2,755.00 | $ 1235.00 | "Received" takes no time; 50% reduction to account for review and research. |
| 12/27/2022 | DAC | | Telephonic and email conversations with Client regarding Offer of Judgment | 1 | 1.0 | $ 650.00 | $ 725.00 | $ 650.00 | |
| 12/28/2022 | DAC | | Email conversations with OC regarding Offer of Judgment - seeking clarity and providing informal counter-offer/suggestion of amended Offer of Judgment | 0.4 | 0.4 | $ 650.00 | $ 290.00 | $ 260.00 | |
| 12/29/2022 | DAC | | Continued email and telephonic discussions with Client regarding Offer of Judgment - Providing legal advice regarding cost/benefit analysis of acceptance versus rejection | 1 | 1.0 | $ 650.00 | $ 725.00 | $ 650.00 | |
| 12/29/2022 | DAC | | Telephonic conversation with Client wherein Client provided direction to accept Offer of Judgment | 1.7 | 0.0 | $ 650.00 | $ 1,232.50 | $ 0.00 | Duplicative with previous entry, or not enough detail to distinguish; awarded lower of the two. |
| 12/29/2022 | DAC | 200 | Researched effect of Offer of Judgment language, drafted notice of acceptance of Offer of Judgment, pulled and organized finalized draft, sent to staff for filing | 2.7 | 1.4 | $ 650.00 | $ 1,957.50 | $ 877.50 | Excessive and vague; 50% reduction |
| 1/5/2023 | DAC | 201 | Reviewed order entering judgment, vacating pretrial conference, vacating jury trial, and denying all pending motions as moot | 0.1 | 0.1 | $ 725.00 | $ 72.50 | $ 72.50 | |
| 1/5/2023 | DAC | 202 | Reviewed Clerk's Judgment - email to co-counsel regarding the same; Conducted email and telephonic discussions with co-counsel regarding motion for fees | 0.1 | 0.1 | $ 725.00 | $ 72.50 | $ 72.50 | |
| 1/9/2023 | DAC | | Reviewed LRCiv 54.2 in preparation for drafting motion for fees | 1 | 1.0 | $ 725.00 | $ 725.00 | $ 725.00 | |
| 1/9/2023 | DAC | | Conducted legal research on *Johnson/Kerr*  factors relevant to fee applications in the Ninth Circuit in preparation for drafting motion for fees | 8 | 4.0 | $ 725.00 | $ 5,800.00 | $ 2900.00 | Excessive; 50% reduction |
| 1/9/2023 - 1/10/2023 | DAC | | Email communication with Ronald Burdge regarding use of U.S. Consumer Law Practice & Attorney Fee Survey in fee petition | 0.6 | 0.6 | $ 725.00 | $ 435.00 | $ 435.00 | |
| 1/10/2023 | DAC | | Review of latest U.S. Consumer Law Practice & Attorney Fee Survey (2017-2018) and research into case law re: accounting for inflation in a fee award in preparation for drafting motion for fees | 2.6 | 2.6 | $ 725.00 | $ 1,885.00 | $ 1885.00 | |
| 1/11/2023 | DAC | | Began drafting motion for fees - Introduction, basic outline, legal citation to Ninth Circuit standards, and setting forth *Johnson/Kerr*  factors | 7.1 | 3.6 | $ 725.00 | $ 5,147.50 | $ 2573.75 | Excessive; 50% reduction |
| 1/12/2023 | DAC | | Drafted affidavit in support of hourly rate sought, as required by LRCiv. 54.2(d)(4) | 1 | 1.0 | $ 725.00 | $ 725.00 | $ 725.00 | |
| 1/12/2023 | NEMER H. | | Drafted affidavit in support of hourly rate sought, as required by LRCiv. 54.2(d)(4) | 0.8 | 0.8 | $ 550.00 | $ 440.00 | $ 440.00 | |
| 1/12/2023 | BETH F. | | Drafted affidavit in support of hourly rate sought, as required by LRCiv. 54.2(d)(4) | 0.5 | 0.5 | $ 575.00 | $ 287.50 | $ 287.50 | |
| 1/12/2023 | MY III | | Drafted affidavit in support of hourly rate sought, as required by LRCiv. 54.2(d)(4) | 0.4 | 0.4 | $ 275.00 | $ 110.00 | $ 110.00 | |
| 1/13/2023 | DAC | | Email communication with Hyung Choi, local Arizona consumer protection litigator, regarding prevailing rates and reasonableness of rates sought | 0.7 | 0.7 | $ 725.00 | $ 507.50 | $ 507.50 | |
| 1/13/2023 | DAC | | Email communication with Veronika Fabian, another local Arizona consumer protection litigator, regarding prevailing rates and reasonableness of rates sought | 0.7 | 0.7 | $ 725.00 | $ 507.50 | $ 507.50 | |
| 1/13/2023 | DAC | | Email communication with Ronald Wilcox, national consumer protection litigator based in California, regarding prevailing rates and reasonableness of rates sought | 0.7 | 0.7 | $ 725.00 | $ 507.50 | $ 507.50 | |
| 1/16/2023 | DAC | | Provided copies of counsel affidavits to Hyung Choi, Veronika Fabian, and Ronald Wilcox for review; requested affidavits from each concerning the reasonableness of the rates sought | 0.9 | 0.9 | $ 725.00 | $ 652.50 | $ 652.50 | |
| 1/16/2023 | DAC | | Continued drafting motion for fees - Application of facts of this case to the twelve applicable *Johnson/Kerr*  factors | 4.3 | 2.2 | $ 725.00 | $ 3,117.50 | $ 1558.75 | Excessive; 50% reduction |
| 1/17/2023 | DAC | | Continued drafting motion for fees - Legal Research into Ninth Circuit case law regarding recoverability of fees incurred in recovering fees under a fee-shifting statute, incorporated same into brief | 3.9 | 2.0 | $ 725.00 | $ 2,827.50 | $ 1413.75 | Excessive; 50% reduction |
| 1/18/2023 | DAC | | Finished drafting motion for fees - Final edits, Shepardize cases, final read through | 4 | 2.0 | $ 725.00 | $ 2,900.00 | $ 1450.00 | Excessive; 50% reduction |
| 1/18/2023 | DAC | | Pulled and organized documents for finalized motion for fees, sent to co-counsel for final review | 2.8 | 1.4 | $ 725.00 | $ 2,030.00 | $ 1015.00 | Excessive; 50% reduction |
| 1/19/2023 | MY III | | Complete final review of all motion for fees documents, minor edits, sent to staff for filing | 0.8 | 0.8 | $ 275.00 | $ 220.00 | $ 220.00 | |
| | | | | | | | | | |
| | | | | | | | | | |

| Date | Attorney (Initials) | Dkt | Services Rendered | Time Listed | Time Awarded | Hourly Rate | Requested Fees | Fee Award | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | TOTAL HOURS REQUESTED | 815.5 |
| | | | | | | | | TOTAL HOURS AWARDED | 548.6 |
| | | | | | | | | LODESTAR REQUESTED | $481,807.50 |
| | | | | | | | | COURT-CALCULATED INITIAL LODESTAR | $ 309,938.75 |
| | | | | | | | | **AWARD: LODESTAR REDUCED by 20%** | **$247,951.00** |